State *v.* Payson.

---

STATE OF MAINE *versus* PAYSON.

<div style="float:right">37 361<br>a87 77</div>

An indictment cannot be said to contain *two offences* in one count, which alleges a nuisance and describes the place of its existence.

If the defendant is found guilty of a part only of the offence charged, he is legally acquitted of the rest of the indictment.

ON EXCEPTIONS, HOWARD, J., presiding.

INDICTMENT, against the defendant, "for, that on, &c., at, &c., near to a certain public street and common highway there, and near the dwellinghouses of divers citizens of said State, he did, and still doth keep twelve hogs and pigs in a certain pen and yard, there near to the said public street and common highway, &c., and unlawfully and injuriously, said hogs and pigs did feed, and yet doth feed with offal, &c., and did unlawfully and injuriously collect, and did cause and suffer to be collected and to remain near to said public street and common highway, and dwellinghouses, large quantities of offal, &c., by reason of which said keeping of said hogs and pigs there as aforesaid, and of feeding

said hogs and pigs there in manner as aforesaid; and by reason of which said collecting and causing and suffering to be collected and to remain the said large quantities of offal, &c., divers noisome and offensive smells and exhalations arose and corrupted the air," &c.

The jury rendered a verdict — "Defendant guilty of a nuisance by making deposits in the field."

A motion was filed in arrest of judgment.

1. Because the indictment in a single count charges two distinct substantive offences, each in itself complete, and requiring its own defence and each requiring its own verdict.

2. Because if the indictment contains a charge of but *one* offence, the jury have found the defendant guilty of but a part of that offence, which they had no right to do.

The motion was overruled and exceptions taken.

*Payson*, in support of the exceptions.

*Deane*, County Attorney, *contra*.

SHEPLEY, C. J. — One of the reasons assigned for an arrest of judgment is, that two distinct offences are alleged in one count. That the first consists in the erection or continuance of a pen, in which swine were kept, and the second in the accumulation of offal near that place.

The allegation respecting the first is, that swine were kept " in a certain pen and yard there near to the said public street and common highway," and that they were fed with offal, &c. There is no other allegation respecting the pen, and that does not describe the offence of erecting, continuing or using any building for the exercise of any employment, occasioning offensive smells, prohibited by the first clause of the first section of the statute c. 164. It does not allege that the accused erected, continued or used the pen for any employment occasioning offensive smells. It is only a description of the place, where the swine were kept, which were fed with such matter as occasioned a nuisance.

The other reason assigned is, that the jury have found the

accused to be guilty of a part only of the offence charged, and have not found that he was not guilty of the residue.

When a person indicted for an offence shall, by the verdict of a jury, be acquitted of a part of it and found guilty of the residue, he is, by the provisions of the statute c. 166, § 7, to be considered as convicted of the offence, if any, which is substantially charged by the residue, of which he is found guilty. The verdict in this case, as presented, does not contain any formal words of acquittal of a part of the offence; yet such is its legal effect. For when the verdict of a jury finds the accused guilty of a certain part of the offence only, the effect is an acquittal of every thing else charged. The legal effect of the verdict, and not the language used in it, must have been intended by the provisions of the statute, for such verdicts are in the customary course of business, presented orally and not in writing.

The verdict does find the accused guilty of a nuisance occasioned by making deposits in the field, meaning such deposits as are alleged in the indictment to have been made, and he is legally acquitted of the other part of the offence charged.                                    *Motion overruled.*

TENNEY, WELLS and HATHAWAY, J. J., concurred.