STATE OF MAINE *vs.* JAMES E. CADY.

Cumberland. Opinion March 3, 1890.

*Intoxicating liquors. Nuisance. Evidence. Exceptions—waived.*

Exceptions to overruling a motion in arrest of judgment based on the insufficiency of an indictment, will be overruled for want of prosecution, when no copy of the indictment is furnished to the law court, and they are abandoned in the defendant's argument.

When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it can not be sustained, the jury should be instructed to return a verdict of not guilty.

Such instructions will, however, be withheld when there is no variance between the allegations and the proof; or when the evidence though weak or defective will justify the jury in finding the defendant guilty.

ON EXCEPTIONS.

The respondent was indicted at the May term, 1889, in the superior court for Cumberland county, for keeping and maintaining a liquor nuisance on the corner of Danforth street and Sisk lane, in Portland. The officers testified that the place was fitted up with the usual appliances for a bar, and that they had found tumblers on the counter smelling strong of whiskey with some ᵒdrainings in them. In the cellar was found a box of lager beer. Three officers testified to seeing the defendant there at different times, and at one time he shut the door quickly in the officer's face and undertook to bar him out. At another time Cady was found alone in the bar-room.

The defendant put in no testimony, but asked the court to instruct the jury that there was not sufficient evidence to support the indictment and their verdict should be not guilty. The court refused to so instruct, and directed the case to proceed. The counsel for defendant then argued the case to the jury and the verdict was guilty.

The defendant excepted to this refusal of the court to rule as requested. The defendant also moved in arrest of judgment for insufficiency of the indictment. This motion was overruled by the court, and the defendant excepted. No copy of the indictment appears in the bill of exceptions.

*W. H. Looney and Geo. M. Seiders,* for defendant.

When the evidence is insufficient in law to support a verdict, the refusal of the court to so instruct the jury, is good ground for exceptions. The jury was left to infer that the state's evidence was sufficient to warrant and support a conviction. Although the court may not, on a bill of exceptions, set aside a verdict as against evidence, the question of law, whether the refusal to rule as requested was a correct ruling, is fairly presented to this court to decide. *Chase* v. *Breed,* 5 Gray, 443; *Com.* v. *Merrill,* 14 Gray, 418; *Com.* v. *Packard,* 5 Gray, 101; *Denny* v. *Williams,* 5 Allen, 4; *Polley* v. *Iron. Works,* 4 Allen, 329.

The evidence must be sufficient to support the allegations beyond a reasonable doubt; first, that a liquor nuisance was kept on the premises; second, the defendant so kept the premises.

If the evidence fails to support either allegation, the exceptions should be sustained. There is no testimony of sales, or that the place was resorted to for liquor traffic.

The evidence, taken as a whole and given due weight and no more, should to a moral certainty, exclude every hypothesis other than the guilt of the respondent. *Com.* v. *Webster*, 5 Cush. p. 319. Counsel also cited: *Com.* v. *Dunbar*, 9 Gray, 298; *Com.* v. *Welsh*, 1 Allen, 1; *State* v. *Garing*, 74 Maine, 152; *Com.* v. *Lambert*, 12 Allen, 177; *Com.* v. *Farrand*, 12 Gray, 177.

*Frank W. Robinson*, county attorney, for state.

The form of objection to the verdict presents the question of sufficiency of the whole evidence; not that of the weight of evidence. Verdict may be against the weight of evidence and defendant not entitled, on these exceptions, to have it set aside. If there was any evidence which could properly be submitted to the jury, and upon which they could legally find a verdict of guilty, the court below was right in submitting it to them. *People* v. *Bennett*, 49 N. Y. 143; *Denny* v. *Williams*, 5 Allen, 4.

Circumstantial evidence sufficient to show the defendant's guilt, —a question of fact and not of law,—properly submitted to the jury. *Com.* v. *Gillon*, 2 Allen, 505; *People* v. *Bennett, supra.* Evidence as to use of premises: *Com.* v. *Wallace*, 143 Mass. 88, 91; *Com.* v. *Pierce*, 107 Mass. 487; *Com.* v. *McCullow*, 140 Mass. 370.

The question is not whether this court would be satisfied to draw the same inference which the jury did from the evidence, but whether the inferences drawn by the jury were proper ones. *Com.* v. *Briant*, 142 Mass. 463, 464; *Doyle* v. *R. R.*, 145 Mass. 387; *Com.* v. *Doherty*, 137 Mass. 245-247; *Com.* v. *Hughes*, 2 Allen, 518.

WALTON, J. When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it can not be sustained, the jury should be instructed to return a verdict of not guilty. Such a case arises when there is a material variance between the allegations and the proof, as when one is indicted for stealing a black horse and the proof is

that he stole a white one; or when one is indicted for maintaining a nuisance in one place and the proof is that he kept a nuisance in another and an entirely different place; or when there is a total want of evidence to support some material allegation, or the evidence in support of it is so slight that a verdict based upon it could not be allowed to stand. In all such cases it would undoubtedly be the duty of the court to instruct the jury to return a verdict of not guilty; and a refusal to so instruct them would be a valid ground of exception.

But we do not regard the case now before us as one in which such an instruction could properly be given. There is no variance between the allegations and the proof; nor is the evidence so defective or so weak that a verdict of guilty resting upon it could not be allowed to stand. On the contrary, we think the evidence was amply sufficient to justify the jury in finding the defendant guilty. The exception to the refusal of the court to instruct the jury to return a verdict of not guilty must, therefore, be overruled.

And the exception to the overruling of the motion in arrest of judgment must be overruled. The motion is based on the alleged insufficiency of the indictment. But the law court has not been furnished with a copy of the indictment, and has no means therefore of judging of its sufficiency. And this exception is not alluded to in the argument of the defendant's counsel. This exception may, therefore, be regarded as waived and overruled for want of prosecution.

*Exceptions overruled.*
*Judgment for the state.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.