STATE OF MAINE *vs.* ROMEO ROY.

Kennebec.     Opinion January 7, 1930.

Frank E. Southard, County Attorney for State.
Carl F. Fellows,
F. Harold Dubord, for respondent.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J.   This prosecution for violations of different provisions of the liquor statute was begun by complaint. From the municipal court, in Augusta in Kennebec county, the respondent made an appeal, and the case came on for trial by jury in the superior court.

In the complaint there were three counts. First, in brevity, the charge of the unlawful transportation by the respondent of one gallon of alcohol; next, the deposit by him of that quantity of alcohol in the boiler room of the Kennebec courthouse, with intent

to sell the liquor; finally, the delivery by the respondent to a person in the custody of the county sheriff, of one gallon of alcohol.

The divers offenses charged were not strictly kindred in nature, which a single trial might settle, but there was no request that the prosecutor elect, and the respondent was brought to trial upon the several counts.

At the conclusion of the testimony, reads the bill of exceptions, the respondent, by his attorneys, made a motion that the court direct a verdict of not guilty.

The trial court overruled the motion. An exception preserves the point.

There was no sufficient direct evidence against the respondent. The State, however, was not restricted to direct evidence. Violations of the liquor law, like violations of other criminal law, may be proved by presumptive or circumstantial evidence, consistent with guilt and inexplicable on the theory of innocence, of the requisite degree of convincing power, where that is the best evidence obtainable.

The jury could have found it proven sufficiently by circumstantial evidence, that one gallon of alcohol had been carried in a can from one place to another, the latter being the aforementioned boiler room, by somebody; but there was dearth of evidence, direct or indirect, to connect the respondent with the act of transporting.

The evidence had been, in the jail yard, a week or ten days before, it was said to the respondent by a prisoner, a trusty, that if one would get a little liquor for him, he should appreciate it; to which statement no reply was made. On the day the liquor was found, but before the finding, the respondent had been seen coming up a public street, and thence along the street of its intersection, to a point opposite the back door of the courthouse, whence he walked to and into the building. It is said, in evidence, that he inquired for the custodian of the building, for whom he was told to look upstairs, and that he asked also if the prisoner was yet in jail. Soon afterwards he went away. Overalls and blouse in union or combination, the overalls noticeably loosely fitted and the blouse unbuttoned, were being worn by the respondent. He had in his hands a pair of pincers and a hammer.

The elements necessary to commit the misdemeanor which the

second count alleges are actual or constructive possession of intoxicating liquor, which alcohol is, coupled with the design or purpose to sell it. Under this count, the same and no other showing was made, than under the first count.

Under the third count evidence was sufficient to establish the fact that the person in custody had had intoxicating liquor; there was utter lack of evidence that the liquor had been delivered to him by the respondent.

When, in a criminal prosecution, there is a total want of evidence to support some material allegation, the jury should be instructed to return a verdict of not guilty, and refusal so to do is reversible error. Thus remarks this court in *State* v. *Cady*, 82 Me., 426. See too *State* v. *Donahue*, 125 Me., 516; *State* v. *Shortwell*, 126 Me., 484. The trial court erred in denying the motion.

*Exception sustained.*