WOODROW. WESTER v. STATE.

193 So. 300
En Banc
Opinion Filed January 16, 1940

*J. Ed Stokes* and *Philip D. Beall,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—Woodrow Wester and Ralph Wester were convicted of murder in the first degree in a trial on an indictment charging the former with killing W. W. Wester, with premeditated design, and the latter with being present, aiding and abetting the former in the commission of the act. The jury recommended mercy and sentence to imprisonment for life was thereupon imposed. From the judgment separate appeals were taken.

W. W. Wester was shot about eight o'clock in the evening as he sat by the window of his home reading, as was his custom. The murderer fired through the screen and the full force of the charge struck the deceased behind the left ear inflicting a wound which resulted in almost immediate death.

One question, posed by the plaintiff in error, challenges the sufficiency of the evidence which is characterized as "unsubstantial, contradictory and uncertain." We have carefully read the testimony recorded in the bill of exceptions and are convinced that there was abundant proof that Woodrow Wester, accompanied by Ralph Wester and one Martin Jones, drove to the residence of the deceased, on a stormy night and parked the automobile nearby; that Ralph Wester and Martin Jones waited in the car while Woodrow Wester went forth with a shotgun to assassinate the victim; that a shot was heard immediately following a clap of thunder; and that Woodrow rejoined his companions, reporting to Ralph Wester that he was sure he had accomplished his purpose.

Martin Jones, who testified for the State, detailed the movements of the plaintiffs in error and himself for a period of several hours immediately preceding and following the murder. Much corroborating testimony was given to bolster his story and remove from it the doubt which taints the tale of an accomplice. Witnesses told of seeing the men together in a car as they traveled toward the place of the homicide and one of them remarked, as did Jones, about the noise caused when the car struck a depression in the road as the trio fled the scene. We will not particularize, but we point to those details as illustrative of the support given Jones' narrative by witnesses apparently uninterested.

It was the jury's province to base their verdict upon testimony believed by them and we will not disturb their finding for there was sufficient evidence, if taken as true, to justify their conclusion. The principal witness for the prosecution was Jones, who was with Ralph Wester while Woodrow Wester committed the crime, but his guilty participation will not render a verdict based on his testimony invalid, for conviction may be had upon the testimony of an accomplice, even if uncorroborated. Jenkins v. State, 31 Fla. 196, 12 South. Rep. 677; Collingsworth v. State, 193 Fla. 1110, 113 South. Rep. 561.

The judge cautioned the jury that the words of an accomplice should be considered with great caution and, therefore, safeguarded the rights of the plaintiffs in error by drawing attention to questionable conduct of the witness Jones.

The defense was alibi and by its very nature the evidence given to support it contradicted the State's theory; however, the instruction on the subject fully acquainted the jury with the manner in which they should weigh the testimony adduced to substantiate it and if the attempt to show that the

plaintiffs in error were at another place when the murder was done did not raise a reasonable doubt of guilt the jurors were wholly within their authority in arriving at a verdict of guilty.

No reversible error is made to appear because a witness for the State, servant in the household of the murdered man, was allowed to make a footprint in a box of sand in the presence of the jury. In any event, the record fails to show that objection was interposed at the time of the exhibition.

Even had plaintiff in error made timely objection to the introduction of evidence of threats made from time to time by the plaintiff in error, Woodrow Wester, against the deceased their protests would have been futile. It is clearly disclosed that ill feeling between the men sprang from a business transaction and had been harbored by the threatener for several years. These threats had continued until a period not remote from the homicide and, therefore, it cannot be successfully argued that time, measured from the first one until the murder, rendered proof of any of them incompetent.

Quoting from Lamb v. State, 90 Fla. 844, text 847, 107 South. Rep. 530, 532, we find the law on the subject:

"By the well established rule of criminal evidence, testimony of threats made by the accused or by a co-defendant, in the presence of the accused, prior to the killing, is always relevant to show malice; or when made long before, to show deliberation and or premeditation. * * * The relevancy of threats depends largely upon the light they shed on previous malice or premeditation. Hence their remoteness in time is no objection to their reception, though it may and indeed must be considered in determining their weight as evidence of existing intent."

The instructions numbered twelve, sixteen and seventeen, requested by plaintiffs in error and refused by the court, have been examined but we find no error to have been committed as the substance of them was covered fully in the general charge.

From our perusal of the record of this prosecution we have the conviction that the trial was fairly conducted, the jury properly instructed and that when they found Woodrow Wester guilty of murder in the first degree they were fully justified.

The judgment is—

Affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.