STATE OF MAINE *vs*. ANNIE MANCHESTER.

Cumberland.    Opinion, August 24, 1946.

*Richard S. Chapman,* County Attorney,

*Daniel C. McDonald,* Assistant County Attorney, for the State.

*Harry E. Nixon,* for respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMP-KINS, FELLOWS, JJ.

TOMPKINS, J.   The indictment in this case charges the respondent with larceny from the person of one Frank B. Bisbee on the 14th day of April 1945. After verdict of guilty by the jury the respondent filed a motion asking the presiding justice to set aside the verdict on the general ground that it was contrary to

the law and the evidence. The motion was denied and the respondent filed an appeal to the Law Court.

The appeal authorized by R. S. 1944, Chap. 135, Sec. 30, in cases of felony raises the single question whether, in view of all the testimony, the jury were warranted in believing beyond a reasonable doubt the respondent was guilty. *State* v. *Pietrantonio*, 119 Me., 18, 109 A., 186, and cases there cited; *State* v. *Pond*, 125 Me., 453, 134 A., 572.

The respondent through her attorney raises two questions; first, should a conviction for felony be permitted to stand upon the unreasonable, conflicting story of the complaining witness, who the respondent alleges was undoubtedly under the influence of intoxicating liquor at the time of the alleged happening he afterwards attempts to relate. It was the province of the jury to determine whether his story was reasonable or unreasonable in view of all the testimony, and whether the degree of intoxication affected his mental procesess so that his memory of the event was obscured. The jury must be the final arbiter of questions of fact when the evidence in support of their conclusion considered in connection with all the other evidence is of such character, such quality, and such weight as to warrant them in believing it. *State* v. *Lambert*, 97 Me., 51. We have carefully read all of the testimony and find no merit in this contention.

The second question raised was that the verdict was unquestionably rendered upon prejudice and bias, and for no other reason in the world than the record of Mrs. Manchester, and that the jury, instead of considering her conviction for the purpose of deciding as to her veracity did, in violation of the charge of the presiding justice, permit said criminal record to prejudice their minds and to cause them to decide that she must be guilty anyway. The testimony discloses that two of Mrs. Manchester's witnesses had been convicted on other occasions for various violations of the law. Mrs. Manchester had been convicted of illegal sales of intoxicating liquor, harboring boys escaped from the State Reform School, and assault and battery upon a policeman.

One of the witnesses for the defense, Margaret Manchester Small, daughter of the respondent, had been convicted of illegal sale of intoxicating liquor, and another witness, Wilfred J. Small, husband of Margaret Manchester Small, had been convicted, on his own testimony, of assault and battery and intoxication numerous times.

The presiding justice in his instructions to the jury, among other things, charged them that one who comes into this court is presumed to be innocent and that the State must prove its case beyond a reasonable doubt, and then said

"If after weighing all the evidence, you can truthfully say to yourselves that you have an abiding conviction, a conviction that will last with you tomorrow and the next day and for the days to come, then you would have no reasonable doubt as to guilt or innocence. As I have said, the State must prove beyond a reasonable doubt. If, after weighing all the evidence, you have an abiding conviction that the respondent is not guilty, you should say so. If, on the other hand, all the evidence convinces you so that you have an abiding conviction that the respondent is guilty, you should say so. When you jurymen were drawn you were asked whether you would have any feeling against one who had been convicted of crime, if it would influence your feelings in this particular case. Now whether one has or has not been convicted of crime isn't material in this particular case except insofar as it may test the credibility of that person. In other words, the fact one has been convicted of crime, — and in this instance it would seem the respondent had been convicted of selling liquor out of season, when unlawful — would that fact affect her credibility? So far as this particular case is concerned, her past record of breaking the law is immaterial except as it may affect her credibility."

It appears from the charge of the presiding justice that the jury before taking their places in the jury box were examined by the

respondent's attorney as to their feelings against one who had been convicted of crime, and if it would influence their feelings in this particular case. The judge in his charge instructed them that evidence of conviction extended only to credibility; that if after weighing all the evidence they had an abiding conviction that the respondent was not guilty they should say so, and if, on the other hand, all the evidence convinced them and they had an abiding conviction that the respondent was guilty, they should say so. The fact that the respondent and two of her witnesses had convictions for various offenses, some minor, some serious, was competent evidence to affect their credibility, and it cannot be said that it would be bias or prejudice because they took into consideration the credibility of the respondent and her witnesses.

We are of the opinion that the evidence as reported presents a typical case for the consideration of the jury. They saw as well as heard all the parties, and in coming to their conclusion they may have placed as much stress upon the manner and appearance of the respondent and her witnesses, as in what they said, or even more. If the jury had believed the respondent and her witnesses their verdict should have been in her favor. If they did not believe the respondent and her witnesses then there was ample testimony to sustain the verdict which they rendered. *State* v. *Clancy*, 121 Me., 362, 117 A., 304.

A careful study of the evidence aided by the briefs of counsel fails to convince this Court that the verdict of the jury was unwarranted.

*Appeal dismissed.*
*Judgment for the State.*