STATE OF MAINE

*vs.*

DEANE E. SMITH

Cumberland.  Opinion, November 21, 1953.

*Daniel C. McDonald,*
*Frederic S. Sturgis,* for State.

*Berman, Berman & Wernick,* for Defendant.

334

Sitting: Merrill, C. J., Thaxter, Fellows, Williamson, Tirrell, Webber, JJ.

Tirrell, J.   This is a criminal prosecution by complaint and warrant against the respondent for operating a motor vehicle upon a public way while under the influence of intoxicating liquor, and upon appeal from the Municipal Court for the City of Portland to the Superior Court where it was tried before a jury.

The officer making the arrest testified that the respondent operated his automobile in such an unusual manner as to attract his attention to it when he was approaching from the opposite direction, the respondent was unsteady on his feet, fell while going down a flight of steps at the police station, and further, that the respondent made an admission to him, the officer, that he, the respondent, had been drinking since the night before the arrest.  The respondent, while being examined by a doctor who testified for the State, according to the testimony of the doctor, made an admission to him, the examining doctor, that he had drunk a pint, this being contrary to the respondent's sworn testimony that he had partaken of only six ounces.

The arrest of the respondent took place at approximately five o'clock in the afternoon on Route 1, in the town of Cumberland,—over two hundred miles from the home of the respondent.  An opened bottle containing whiskey was found on the front seat of the respondent's car.

The defense was that the respondent was not under the influence of intoxicating liquor but was under the influence of the drug known as phenobarbital which had been taken by him as a medicine under orders from his family physician, said drug having been taken between the hours of four and seven of the morning of the day on which he was arrested.  The respondent claimed to have taken at that time approximately three grains of the drug.  In order to have

believed that the respondent was under the influence of this drug rather than intoxicating liquor, the jury would have had to rely upon the unsupported and uncorroborated testimony of the respondent, and all of this being contra to his later statements of the amount of whiskey which he had taken.

The testimony of the respondent, if believed by a jury, could have led the jury to believe that after taking the phenobarbital at 7:00 a.m., that he left his home at that time, telling his wife, she being in charge and taking care of their three sick children, that he was going to his potato house to take care of the stove which was then burning to prevent the potatoes there stored from freezing. According to the testimony she heard not one word from him until approximately 12 hours later when he informed her by telephone that he was under arrest at Portland some 200 or 250 miles distant from Mars Hill, his home.

At the close of the State's case and after the respondent had offered testimony and closed his case, a motion was made in behalf of the respondent for a directed verdict of not guilty. The motion was refused, to which refusal to so direct a verdict of not guilty the respondent excepted and the case is before this court on that exception only. The case was thereupon submitted to the jury and a verdict of guilty was found.

The ruling of the justice in refusing to direct a verdict of not guilty was correct, and furthermore the jury in its finding of the respondent guilty was not only correct but any other finding, such as not guilty, would have been a miscarriage of justice.

For the law in criminal cases referring to the direction of verdicts citation of authorities may seem unnecessary. However, we cite *State of Maine* v. *Sullivan,* 146 Me. 381; 82 A. (2nd) 629; *State of Maine* v. *Clukey,* 147 Me. 123-127; *State of Maine* v. *Johnson,* 145 Me. 30; *State* v. *Bobb,* 138

Me. 242; *State of Maine* v. *Martin,* 134 Me. 448, at 455; *State* v. *Sarkis Keikorian,* 128 Me. 542; *State* v. *Roy,* 128 Me. 415, at 416; *State* v. *Jordan,* 126 Me. 115, at 117; *State* v. *Shortwell,* 126 Me. 484, 486, 487.

It is well settled law when the evidence is insufficient in law to support a verdict the refusal of the court to so instruct the jury is good ground for exceptions. The evidence must be sufficient to support the allegations beyond a reasonable doubt that the respondent operated a motor vehicle upon and along the State Road, Route 1, in Cumberland while being then and there under the influence of intoxicating liquor.

If the evidence fails to support this allegation, the exceptions should be sustained.

When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it cannot be sustained, the jury should be instructed to return a verdict of not guilty. *State* v. *Cady,* 82 Me. 426-428.

> "Our court has many times considered the rule governing the direction of verdicts in a criminal case. We said in *State* v. *Sullivan,* 146 Me. 381; 82A. (2nd) 629 (1950):
>
> > 'The rule governing the direction of verdicts in a criminal case is that when the evidence is so defective or weak that a verdict based upon it cannot be sustained, the trial court, on motion should direct a verdict for the respondent. A refusal to so direct is valid ground for exception if all the evidence is in.'
>
> See *State* v. *Martin,* 134 Me. 448; 187 A. 710; *State* v. *Shortwell,* 126 Me. 484; 139 A. 677; *State* v. *Roy,* 128 Me. 415; 148 A. 144.
>
> With the above rule in mind, we have carefully examined the record with a view of determining whether or not the evidence was so defective or so

weak that a verdict based upon it could not be sustained and have come to the conclusion that the jury was warranted in finding the respondent guilty beyond a reasonable doubt. The evidence as reported presents a typical case which under our law is for the consideration of the jury. They saw and heard the witnesses for the State and for the respondent and it was within their province to determine not only what weight should be given to the testimony but also what part or parts of it should be believed in reaching their conclusion.

See *State* v. *Bragg,* 141 Me. 157; 40 A. (2nd) 1;" "*State* v. *Cox,* 138 Me. 151, 163; 23 A. (2nd) 634; *State* v. *Merry,* 136 Me. 243; 8 A. (2nd) 143; *State* v. *Manchester,* 142 Me. 163, 166; 48 A. (2nd) 626; *State* v. *McKrackern,* 141 Me. 194; 41 A. (2nd) 817; *State* v. *Hudon,* 142 Me. 337, 350; 52 A. (2nd) 520." (*State of Maine* vs. *Clukey,* 147 Me. 123, at 127).

We are of the opinion that, if the testimony of the State's witnesses was believed, it was sufficient to establish the guilt of the respondent beyond a reasonable doubt. A direct denial of the State's charges and a contradiction of its witnesses raised an issue of fact which was for the jury. *State of Maine* v. *Robinson, Applt.,* 145 Me. 77, at 79.

*Exceptions overruled.*

*Judgment for the State.*