**STATE of Maine**

v.

**Robert DOYON.**

Supreme Judicial Court of Maine.

July 19, 1966.

---

Bruce W. Chandler, Asst. County Atty., Kennebec County, Augusta, for plaintiff.

John P. Jabar, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

MARDEN, Justice.

On exceptions to admission of evidence and to an instruction to the jury by the presiding Justice.

Title 17 M.R.S.A. § 2656 provides that:

"Whoever assaults another with intent to murder or kill, if armed with a dangerous weapon, shall be punished * * *."

Under this statute the exceptant by indictment was charged as follows: "did feloniously assault one Clinton Caron, he, the said Robert Doyon, being then and there armed with a dangerous weapon, to wit, a kitchen knife, with intent him, the said Clinton Caron, then and there feloniously, willfully and of his malice aforethought, to kill and slay," against the peace of the State, etc.

During trial and in Caron's narration of the occurrence on March 12, 1965, out of which the charge grew, Caron being a police officer, Caron was asked:

"Q Officer Caron, I inquire of you if on an occasion prior to the incident you have related you had occasion to give your name to the Defendant, Robert Doyon?

"A Yes, on a previous occasion Robert Doyon had asked me for my name.

"Q Approximately when was this?

"A This was around January.

"Q Of what year?

"A 1965."

Over objection by defense counsel the State was permitted to continue:

"Q Would you relate what happened, please?

"A Mr. Robert Doyon asked me for my name, and I gave him my name as Clinton Caron, and he pointed a finger at me and said 'I will get you.'

"Q He said what?

"A 'I will get you.' "

Exception was taken to the admission of this testimony, the propriety of which is the first issue.

■ The respondent was charged with an offense against the person of the officer, one element of which was intent. The indictment as laid required the State to prove "malice aforethought" if it pressed

829

for a conviction of assault with intent to murder, or intent to kill if it pressed for a conviction of assault with intent to kill, and "(e)vidence of prior threats by a respondent to do the particular act he is charged with doing is clearly admissible." State v. Fenlason, 78 Me. 495, 501, 7 A. 385.

In criminal prosecutions antecedent menaces, quarrels and hostilities are admissible in proof of the malice or intention with which an act is done, 20 Am.Jur., Evidence § 347, and in a criminal action imposing a charge of assault, prior threats are admissible to show animus. 1 Wharton's Criminal Evidence, 12th Ed. § 170; 3 Underhill's Criminal Evidence, 5th Ed. § 690.

The weight of evidence of antecedent threats may well depend on the length of time between the threat and the act, remoteness in time not affecting competency, State v. Bright (1939), 215 N.C. 537, 2 S.E.2d 541, [4] 543 (2 years); Wester v. State (Fla.1940) 193 So. 300 [9, 10] 302 (several years); State v. Shook (1944) 224 N.C. 728, 32 S.E.2d 329, [1, 2] 331 (9 months); and Vun Cannon v. State (1952) 208 Ga. 608, 68 S.E.2d 586, [4, 5] 589 (18 months), but preliminarily it is for the trial court to determine whether the alleged threats are connected with or relate to the subject matter in issue. King v. Holmes, 84 Me. 219, 222, 24 A. 819.

With the law as stated, a second question is whether the language addressed by the respondent to Officer Caron embodied a threat or exhibited antagonism which cast light on his state of mind and intent at the time of the confrontation on March 12th. Within a multi-variety of definitions of the word "get" appearing in Webster's Third New International Dictionary the word is defined as meaning "to obtain by way of advantage or superiority, to bring to retribution, to take vengeance on" and slangily used means "to get even with, to get revenge." See In re MacDonald, 110 Pa.Super. 352, 168 A. 521,

[5] 523, which is the only case which we have found in which the word in its vulgar sense has been passed upon. The word in either grammatical or slang usage is a familiar one and a determination of its application to the relationship between the respondent and Officer Caron was properly for the jury.

Absent abuse of discretion in this matter, not here present, the respondent takes nothing by this exception. In the trial of an issue in which the state of mind of the respondent was the controlling element, the admission of this testimony was proper and the exception is overruled.

There is nothing in the record to indicate that any controversy arose pretrial or during trial as to the pleading in the indictment. A killing with malice aforethought is murder, and in that respect the charge could be read as that of an assault with intent to murder. Without the words "and of his malice aforethought" there would be pleaded an adequate accusation of assault with intent to kill. Upon conviction, both misconducts carry the same penalty, but they are distinct charges involving different proof of facts and, if pleaded in a single count of an indictment would be duplicitous. State v. Leavitt, 87 Me. 72, 77, 32 A. 787.

From the record it is clear that the case was tried as one involving an assault with intent to kill and the presiding Justice instructed the jury that the respondent "is charged with assaulting Officer Caron" not with an intent to murder him, but with an intent to kill him, and again "the State doesn't charge here that the respondent had malice aforethought, that he intended to kill Officer Caron with a deliberate plan and intention. * * * The State charges that it was done in the heat of passion, in a rage." At the conclusion of the Court's instructions, the jury was told that it was competent to return one of four verdicts, "Not guilty," "guilty of an assault with intent to kill when armed with a dangerous

weapon," "guilty of assault with intent to kill when not armed with a dangerous weapon," or "guilty of assault."

At this point in the proceeding, defense counsel requested a bench conference, which is not recorded, following which the Court instructed the jury that "the words 'of his malice aforethought' are surplusage; they should not be in the indictment." He repeated that the State did not charge the respondent with an assault with intent to murder, to which language respondent recorded an exception. The jury returned a verdict of guilty of assault with intent to kill when armed with a dangerous weapon.

■ Assuming, without so finding, that the indictment is duplicitous by reason of charging the respondent with both assault with intent to murder and assault with intent to kill, the special verdict remedies the duplicity. *Leavitt,* supra, 87 Me. at 78, 32 A. 787 and by such verdict the respondent was acquitted of any charge of assault with intent to murder. State v. Payson, 37 Me. 361, 363; *Leavitt,* supra, 81 Me. at 78, 32 A. 787; 4 M.R.S.A. § 6; and Petition of Carson, 141 Me. 132, 136, 39 A.2d 756.

■ If the indictment be treated as charging assault with intent to murder and the evidence did not support the allegation of malice aforethought, it was the duty of the presiding Justice upon motion, or *sua sponte,* to "charge out" the elements of the offense upon which they could not properly convict. See State v. Cady, 82 Me. 426, 429, 19 A. 908; State v. Albee, 152 Me. 425, 429, 132 A.2d. 559, on the principle, and specifically State v. Mitchell, 144 Me. 320, 321, 68 A.2d 387.

■ While a conviction under this statute, for either an intent to kill or an intent to murder, exposes the convict to the same penalty, traditionally an assault with intent to murder is considered the more serious and as a practical matter might expose the respondent to a heavier penalty. State v. Neal, 37 Me. 468, 471. Upon this basis, removing the charge of assault with intent to murder from jury consideration was entirely in the respondent's favor, rather than a legal aggrievement.

■ If the indictment be treated as charging assault with intent to kill, and the record reflects that it was upon this charge that the case was tried, the allegation of malice aforethought was surplusage and there was no error in so instructing the jury.

■ In fact, if we understand respondent's oral argument, he does not claim aggrievement by what in substance was a directed verdict in his favor on the charge of assault with intent to murder, but that he is prejudiced by the implication that since he could not be found guilty of assault with intent to murder, he must be found guilty of assault with intent to kill. If such construction of the conduct of the presiding Justice is valid, no trial court could properly remove from jury consideration elements raised by the pleadings, which as a matter of law are not supported by the evidence. Such inference is not validly drawn from an instruction by the court under these circumstances.

This exception is overruled.

Exceptions overruled.

Judgment for the State.