**STATE of Maine**

**v.**

**Rudolph J. BLIER.**

Supreme Judicial Court of Maine.

Dec. 27, 1974.

John Welch, County Atty., John O. Rogers, Houlton, for plaintiff.

Daniel G. Lilley, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Appellant was found by a jury to have committed the offense of operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312.

Seasonably thereafter he filed a motion for judgment of acquittal. From the denial of this motion, this appeal was taken.

We deny the appeal.

Stated succinctly, the appellant argues the jury was wrong in accepting the testimony of the witnesses called by the State and rejecting those whom he called. The Court, he says, should have corrected the "error" by granting his motion for judgment of acquittal.

As we view the evidence, a pure question of fact was presented.

The appellant arrived in Presque Isle, Maine, the evening of his arrest after a flight from Boston, Massachusetts, on a commercial air line. He says he was served two drinks of V.O. whiskey and water enroute. These drinks had 1¼ or 1½ ounces of whiskey each.

Just before leaving Boston, he took pills prescribed for him by a physician to calm his nerves. The quantity was "two yellow ones and one white one." No further description of the two yellow pills and the

one white pill is found in his testimony. However, a physician called by the defendant later identified the two yellow pills as valium and the one white pill as equanil.

The combination of the medication and the intoxicating whiskey ingested by the appellant, the jury was told by the physician, would produce the same effect as if the appellant had ingested twice as much alcoholic whiskey.

■ When one is charged with operating a motor vehicle while under the influence of intoxicating liquor and it is proved beyond a reasonable doubt that he operated the motor vehicle, and that his faculties were impaired at the time by intoxicating liquor, whether the driver is influenced or affected by intoxicating liquor alone or by the combination of liquor and other substances is immaterial.

"The instruction presented the case fairly to the jury, for it must be conceded that if defendant was under the influence of both the whiskey and the pills, he undoubtedly was under the influence of the whiskey." Harrell v. City of Norfolk, 180 Va. 27, 21 S.E.2d 733, 736 (1942).

See State v. Thomas, 79 Idaho 372, 318 P. 2d 592 (1957). See also State v. Smith, 149 Me. 333, 102 A.2d 342 (1953).

Four witnesses, all of whom were in a position to observe the appellant and did observe him carefully, concluded he was "intoxicated" when he left the plane and when he drove his automobile.

One witness, the arresting officer, testified as to considerable erratic driving and bizarre behavior by the appellant at the time of his arrest and shortly thereafter.

One witness who saw the appellant shortly after he deplaned and talked with him, gave his opinion that the appellant was not at all under the influence of intoxicating liquor. Appellant makes much of the fact that this witness was a deputy sheriff "of 23 years' experience."

However, as to this witness, it appeared from his testimony he was at the time of the arrest and for a long time prior thereto actively engaged in transacting business with appellant and that he was only a part-time police officer, being principally engaged in hauling wood to appellant's mill in a truck he was driving for a third party.

■ The weight to be given the testimony of the witnesses and the credibility of the witnesses are left to the jury's determination. State v. Clukey, 147 Me. 123, 83 A.2d 568 (1951); State v. Albee, 152 Me. 425, 132 A.2d 559 (1957).

"We may say at the outset that in considering the weight of this testimony, depending as it does for its effect upon the credibility of the witnesses, we cannot put ourselves in the place of the jury, nor usurp that province of deciding questions of fact which the law imposed upon them." State v. Lambert, 97 Me. 51, 52, 53 A. 879, 880 (1902).

Cases cited by the appellant such as State v. Doak, 156 Me. 8, 157 A.2d 873 (1960), and the dissenting opinions of Justice Webber and Justice (now Chief Justice) Dufresne, in State v. Fischer, Me., 238 A.2d 210 (1968), are inappropriate.

■ In the instant case the testimony presented by the witnesses called by the State was direct, unequivocal, believable and most important of all not at all inconsistent with the testimony of the appellant himself as to the amount of intoxicating liquor and other drugs of which he had partaken.

The jury found no reasonable doubt as to his guilt. There was certainly sufficient credible evidence to justify such conclusion.

The entry must be,

Appeal denied.

All Justices concurring.