STATE of Maine

v.

Edmund WINSLOW.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1990.
Decided March 16, 1990.

James E. Tierney, Atty. Gen., Thomas A. Harnett (orally), Michael Westcott, Asst. Attys. Gen., Augusta, for the State.

Steven C. Peterson (orally), Camden, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Defendant Edmund Winslow appeals his jury conviction in Superior Court (Knox County, *Silsby, J.*) for murder pursuant to 17–A M.R.S.A. § 201(1)(A) (1983). Defendant contends that he was deprived of a fair trial by the State's refusal to grant immunity to a defense witness who could testify as to the defendant's state of mind at the time of the killing. Defendant also argues that the Superior Court's admission of evidence of a threat made by the defendant against the victim three weeks before her murder was prejudicial error. We affirm the conviction.

On November 5, 1987, at approximately 1:00 a.m., Vicki Pendelton died from a gunshot wound to the head. The victim was defendant's ex-wife. On December 7, 1987, a Knox County Grand Jury indicted the defendant for "intentionally or knowingly causing her death."

The defendant subpoenaed William Johnson as a witness to offer testimony as to defendant's drug and alcohol use before the shooting. Johnson had testified before the grand jury that on the day of the shooting, he and the defendant had been together from about 3:00 p.m. until just before the victim was shot. Johnson had stated that during that time, they both drank two or three six-packs of beer, snort-ed three to four grams of cocaine, and then drank eight or ten white Russians at a local bar. However, he had also testified that defendant was able to drive to various locations without incident, to speak coherently and to generally maintain motor control. Furthermore, the bar employees, defendant's mother and brother, and the arresting and investigating officers all testified that defendant exhibited no signs of intoxication.

At trial, Johnson invoked his fifth amendment right against self-incrimination and refused to answer any questions. In response, the State offered to limit its right of cross-examination to the defendant's behavior as observed by Johnson. Defendant requested that the trial court grant Johnson immunity pursuant to 15 M.R.S.A. § 1314–A (Supp.1989). However, the trial court ruled that it lacked the power to immunize any witness. Accordingly, Johnson did not testify. The State and the defendant stipulated that the defendant "took some cocaine" the night of the shooting. The defendant did not testify at trial nor did he seek to introduce the grand jury transcript in evidence.

Testimony was also offered that approximately three weeks before the shooting, the defendant told a police officer that "he was going to kill Vicki; that if he could not have her, then nobody would." Defendant objected to admission of this testimony as being too remote to be relevant and as being unduly prejudicial.

Defendant contends that the trial court erred in refusing to grant immunity to William Johnson or by failing to order the State to do so pursuant to 15 M.R.S.A. § 1314–A (Supp.1989). Defendant argues that because Johnson could testify to the defendant's alcohol and drug use before the shooting, which is directly pertinent to whether defendant had the requisite state of mind of "intentionally" or "knowingly" to commit the offense of murder, the lack of Johnson's testimony deprived him of a fair trial. Defendant's argument is not persuasive.

■ "The power to grant immunity from prosecution is not inherent in any office of government; it may only be conferred by explicit statutory provisions." *State v. Brown*, 321 A.2d 478, 484 (Me.1974). The procedure for granting transactional immunity is as follows:

> [i]n any criminal proceeding before a court or grand jury ... if a person refuses to answer questions or produce evidence of any kind on the ground that he may be incriminated thereby, and if the prosecuting attorney, in writing, and with the written approval of the Attorney General, requests the court to order that person to answer the questions or produce the evidence and the court after notice to the witness and hearing shall so order, unless it finds to do so would be clearly contrary to the public interest, that person shall comply with the order.

15 M.R.S.A. § 1314-A (Pamph.1989); *Brown*, 321 A.2d at 484. Any other method for immunization is "without legal authority." *Brown*, 321 A.2d at 484.

■ The court's role in the granting of immunity is limited to:

> scrutiniz[ing] the record to ascertain that a request for immunity is under the statute, jurisdictionally and procedurally well-founded and accompanied by the approval of the Attorney General. Under no circumstances, however, may a federal court prescribe immunity on its own initiative....

*U.S. v. Davis*, 623 F.2d 188, 193 (1st Cir. 1980). The only exception to this prohibition of court initiated immunization is when "the right of a defendant to a fair trial has been denied." *U.S. v. Drape*, 668 F.2d 22, 27 (1st Cir.1982). Factors courts have considered in determining whether a defendant has been deprived of a fair trial such that court-initiated immunization is justified, are:

1) whether there has been prosecutorial misconduct in the discriminatory granting of immunity or coercion of a witness to invoke the privilege;

2) whether the immunized witness' testimony would have been "material exculpatory and not cumulative;" and

3) whether the evidence could have been obtained from another source.

*See U.S. v. Calvente*, 722 F.2d 1019, 1025 (2d Cir.1983); *U.S. v. Davis*, 623 F.2d 188, 193 (1st Cir.1980).

■ Defendant argues that the State's choice to withhold immunity from Johnson amounted to prosecutorial misconduct in that, according to defendant, refusal to immunize was motivated solely by a desire to keep the jury from hearing Johnson's testimony where the State had no intention of prosecuting Johnson for his drug use. However, we find no evidence of prosecutorial misconduct in regard to the refusal to grant immunity in this case.

■ Furthermore, there was testimony in the record from the bartender that the defendant had been drinking and the State and defense stipulated that defendant indulged in some cocaine use. (T. II 377–78). Therefore, the evidence that defendant seeks to offer is merely cumulative and does not warrant a new trial.

■ Finally, the denial of immunity is not grounds for a new trial because the evidence that the defendant sought to admit was available through sources other than Johnson's testimony at trial. The defendant could have testified himself as to his drug and alcohol use but made a tactical decision not to take the stand. He therefore is estopped from seeking a new trial. *State v. Marshall*, 491 A.2d 554, 559 (Me.1985) (where defendant clearly had knowledge of substance of another's testimony and elects not to testify, his decision is a tactical one not warranting a new trial). *See also, State v. Brown*, 552 A.2d 12, 15 (Me.1988) (defendant must prove proposed new evidence could not have been discovered before trial by due diligence before new trial will be ordered); *State v. Harding*, 408 A.2d 1003, 1005 (Me.1979) (exclusion of merely corroborative evidence to which defendant could testify if he so elects is not grounds for new trial). Defendant also could have attempted to introduce Johnson's grand jury testimony under M.R. Evid. 804(b)(1) or (3). *See U.S. v. Klauber*, 611 F.2d 512, 516–17 (4th Cir.1979) (grand

jury testimony is one possible alternative where witness invokes fifth amendment privilege at trial); *State v. Smith,* 415 A.2d 553, 559 (Me.1980) (a declarant is unavailable as a witness for purposes of M.R.Evid. 804(a)(1) where exempted from testifying by a court ruling of privilege). As defendant had access to the evidence protected by Johnson's privilege through other means, defendant, therefore, cannot claim that he was deprived of a fair trial on the ground that Johnson was not immunized.

Defendant next contends that evidence of a threat made against the victim by the defendant three weeks before the shooting was improperly admitted because it was too remote to be relevant and because it was unduly prejudicial. "The presiding justice's rulings on the questions of the relevance, M.R.Evid. 401, of … testimony, and of the balance to be struck between that evidence's probative value and its potential unfair prejudicial effect, M.R.Evid. 403, are reviewable only for abuse of discretion." *State v. Crocker,* 435 A.2d 58, 73 (Me.1981). We find defendant's arguments to be unpersuasive.

Remoteness in time of threats goes to the weight and not to the competency of the evidence. *See State v. McEachern,* 431 A.2d 39, 43 (Me.1981). (evidence of two threats made by defendant against victim—one made six months, and another made one-and-one-half years before the murder—ruled admissible); *State v. Ledger,* 444 A.2d 404, 415 (Me.1982) (threats made approximately three weeks before murder held to be admissible). *State v. Doyon,* 221 A.2d 827, 829 (Me.1966) (evidence of threats made three months prior to the murder held to be admissible).

Furthermore, prior threats are probative of defendant's scienter. *See Ledger,* 444 A.2d at 415; *State v. Lewisohn,* 379 A.2d 1192, 1201 (Me.1977). Here, as we held in *Ledger,*

> [t]he trial court committed no abuse of discretion by overruling the defendant's objection to this testimony on the ground that it created a danger that the jury would rely too heavily on it. The significance of these complaints and threats in proving motive and intent, and the defendant's opportunity to cross-examine the witness to expose any mitigating circumstances in which they were made, renders the court's ruling a proper one.

*Ledger,* 444 A.2d at 415. The threat in the case at bar was not only highly significant to defendant's intent, but defendant was able to cross-examine the police officer to whom he made the threat to expose any "mitigating circumstances." Accordingly, we find that the trial justice committed no abuse of discretion by allowing testimony of the threat into evidence.

The entry is:

Judgment affirmed.

All concurring.