172

STATE OF MAINE
*vs.*
TOIVO JOHNSON

Hancock.    Opinion, July 19, 1954.

*W. Atherton Fuller, County Attorney,* for State.

*W. S. Silsbury, Jr.,*
*Blaisdell & Blaisdell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

BELIVEAU, J. On exceptions. The respondent on February 4, 1953 was arrested on a warrant issued by the Western Hancock Municipal Court of Bucksport charging that he

> "did disturb and hinder Reginald Van de Vere in his free exercise of his right of suffrage at the June 16th, 1952 primary election held at said Dedham, he, the said Reginald Van de Vere being a duly registered voter in said town of Dedham."

On the same day he appeared before the judge of that court, waived hearing, was sentenced to pay a fine of $25

and appealed to the April Term of the Superior Court. At this term he was tried before a jury, found "guilty" and sentenced to pay a fine of $100.

In the Superior Court the defense rested after the State had presented its case and moved for a directed verdict. This motion was denied and an exception taken.

Another exception was taken to the denial of respondent's motion in arrest of judgment.

From the record it appears that nothing else was done until the 25th day of July 1953 when the respondent left with the Clerk of the Superior Court for Hancock County what is claimed to be a bill of exceptions. This bill of exceptions was not presented to the presiding justice during the April Term 1953 or later.

The parties in this court, argued pro and con the matters set up in the bill of exceptions. It was then noticed the bill had not been presented to the presiding justice as required by Section 14, Chapter 94 of the Revised Statutes. It seems that nothing was done by the respondent but to leave the bill with the clerk nearly three months after his conviction and of course quite some time after adjournment of the April Term.

Section 14 of Chapter 94, heretofore referred to, sets out in detail the procedure to be followed by a party aggrieved.

In addition to that, this court, in an opinion by Chief Justice Fellows, *Bradford* v. *Davis, et al.*, 143 Me. 124, discusses at some length and in detail the procedure to be followed by the exceptant in cases such as this. The law is so well established by the several decisions that a discussion would be but a repetition of what the court said in *Bradford* v. *Davis et al.*

We adopt as decisive of this case the language used in *Maine* v. *Johnson,* 145 Me. 30, where the issue is similar in every respect to the one involved here.

The court said:

"The stark facts here are: (1) that at no time has the bill of exceptions printed in the record ever been presented to the presiding justice for his consideration; (2) that the period within which the bill could have been presented to the presiding justice has expired; and (3) that the bill bears no stamp of the truth of the exceptions. The exceptions are not properly before us and for this reason alone must be dismissed and judgment entered for the State."

*Exceptions dismissed.*