STATE *vs.* ARCHIE B. SHORTWELL

Lincoln.    Opinion January 2, 1928.

*A ruling on a question of remoteness of time not exceptional error in absence of abuse of discretion.*

*An exception to the introduction of evidence may be waived by the introduction of defensive testimony.*

In this case, when the government closed its evidence in chief, the respondent made an oral motion for the peremptory direction of a verdict in his favor, apparently challenging that any of the adduced evidence tended to establish his guilt, but

the respondent did not rest his own case. The motion was not granted. It was addressed to judicial discretion, and the refusal of the trial judge to grant the motion on less than the entire evidence is not subject to exception.

The ground for the next exception is the assertion that the case should not have been submitted to the jury in the absence of evidence tending to prove: (a) that the place described in the indictment had been habitually and commonly used by the respondent for the illegal sale or keeping of intoxicating liquor; (b) that, within statutory meaning, the place had been one of resort.

If, during any part of the time comprised within the days of the indictment, the respondent's place were habitually used for the illegal sale, or, if it were a place of resort where intoxicating liquors were kept, sold, given away, drank, or dispensed illegally, it were a common nuisance.

The case was not one of absolutely no evidence of the crime charged, but of conflicting evidence, and of the conflicting evidence the jurors were the sole judges.

On exceptions. Respondent was found guilty on an indictment for maintaining a liquor nuisance and reserved an exception to the refusal of the presiding justice to direct a verdict in his favor, and excepted to the admission of certain testimony, and also excepted to certain parts of the charge.

Exceptions overruled. Judgment for the State.

The case is fully stated in the opinion.

*Weston M. Hilton,* County Attorney, for the State.

*George W. Heselton and Edward W. Bridgham,* for the respondent

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DUNN, J. The respondent pleaded not guilty to a liquor nuisance indictment (R. S., Chap. 23, Sec. 1), found against him in Lincoln county, at the Supreme Judicial Court in October 1926, and was put upon his trial. The jury convicted him. He has exceptions to the admission of evidence of a former conviction, to the refusal to direct a verdict in his favor, and to instructions.

As bearing on the question, whether certain cider were had by the respondent with intent to sell it for tippling purposes, or as a beverage, the State was permitted against objection to show that, eleven months before, in consequence of his dealing with other cider on the same premises described in the indictment, and within the period covered by it, the respondent had been convicted and punished for

violation of the liquor law.    On exception  the point of the remote-ness of time was saved.    If any other point were reserved, it has not been advanced, and is considered as waived.

When the government closed its evidence in chief the respondent made an oral motion for the peremptory direction of a verdict in his favor, apparently challenging that any of the adduced evidence tended to establish his guilt, but the respondent did not rest his own case.

On the overruling of the motion for the direction of a verdict, the defendant introduced evidence to support his grounds of defense, and the trial proceeded to the conclusion of the evidence on both sides, whereupon the respondent rested his case without renewing his motion.

After the counsel had argued, the Justice having the control and conduct of the cause, submitted to the jury  under instructions re-specting the subject of statutory nuisance:    (1) Whether the place described in the indictment had been habitually and commonly used by the respondent for the illegal sale or keeping of intoxicating liquor?  (2) Whether, within the meaning of the statute, that place had been one of resort?    Total failure of evidence of guilt on the part of the respondent, if not as to both these matters, plainly as to the latter, is the predicate for exception.

. First, for decision, is the exception to the evidence of the former conviction.

The Justice presiding at the trial ruled that the offered evidence was not too remote in point of time, and it is not to be said that he wrongly exercised discretion.    *State* v. *O'Toole*, 118 Maine 314.   The situation was not without resemblance to that in *State* v. *Welch*, 64 N. H. 525, where, on an indictment for the illegal sale of cider, the prosecution introduced evidence in reference to the fact of sales in the year next preceding the indictment.    "It was competent," says the opinion, "to prove that the respondent kept cider for sale; that he was in the business."

Next, the exception to the refusal of the motion for the direction of a verdict, presents.

Where, in a criminal prosecution, at the close of the government's evidence, the respondent rests his case on such evidence and moves for a verdict in his favor, a case may be presented in which the re-fusal to direct a verdict for the respondent will be good ground of

exception.  *State* v. *Cady,* 82 Maine 426; *State* v. *Donahue,* 125 Maine 516.

But a motion by the respondent for the direction of a verdict of not guilty, made when the government closes in chief, and without the respondent resting his case upon the evidence of the government, is addressed to judicial discretion, and the refusal of the presiding judge to grant the motion on less than the entire evidence is not subject to exception.  *State* v. *Cady,* 82 Maine 426; *State* v. *Donahue,* 125 Maine 516.

On the civil side, such is the general rule.  26 R. C. L. 1082; *Columbia, etc., R. Co.* v. *Hawthorne,* 144 U. S. 202, 36 Law ed., 405; *Weatherbee* v. *Potter,* 99 Mass. 354.  And this accords with common practice in criminal cases.

A motion to nonsuit is unknown in a criminal case. Although some material allegation of the indictment lacks support in the evidence, or the supporting evidence is so loose and indeterminate that a verdict rested on it could not withstand attack, still a nonsuit may not be moved.  And a respondent cannot move a nolle prosequi, this being for the prosecution.

Inasmuch, therefore, as a respondent may not have any alleged failure of the prosecution considered expeditiously on motion for nonsuit, or on motion to nolle, he may consistently, when the prosecution rests, and before introducing evidence in his own behalf, motion for the direction of an acquittal.  Not so to motion, and have his motion require a ruling as a matter of right, because the right to a ruling attaches only when the whole evidence is in, but so to motion within the discretion of the sitting judge.

There is still another reason why the exception cannot be sustained. The exception was waived by the introduction of defensive testimony. *McGregory* v. *Prescott,* 5 Cush. 67; *Wild* v. *Boston & Maine Railroad,* 171 Mass. 245; *Latremouille* v. *Bennington, etc., R. Co.,* 63 Vt. 386; *Oates* v. *Union R. Co.,* 27 R. I., 499.  The rule applies to criminal as well as to civil cases.  *Burnett* v. *State,* 62 N. J. L. 510; *State* v. *Piscioneri* (W. Va.) 69 S. E. 375; *Leyer* v. *United States,* 183 Fed. 102.

And now the exception noted last.

If during any part of the time comprised within the days of the indictment the respondent's place were habitually used for the illegal

sale, or the illegal keeping, of intoxicating liquor, or, if it were a place of resort where intoxicating liquors were kept, sold, given away, drank, or dispensed illegally, it were a common nuisance.   R. S., supra.

The printed case has, to speak but generally of the showing against the respondent, the evidence of a sale of cider to an automobile party in the nighttime; evidence of three bottles, one containing alcohol, one a mixture of alcohol and cider, and the third filled to the full with liquor of a kind not specified, all found hidden in a box in a pile of rubbish near the garage on the respondent's place; evidence of a full barrel of cider and of one half-full, horsed on an old sled by the powder house in the woods, the open bung in one barrel covered by a piece of wood, and both barrels covered by bagging; evidence of a pail and the funnel and other things there at hand; the evidence of the paths through the woods; the evidence, going to intent only, of the former conviction; the evidence of the empty container, of the barrels filled with vinegar, and of the upturned and fauceted hogshead, from which came but the dregs of cider; the container and the barrels and the hogshead, one and all, in the cellar of the respondent's dwelling house.

The case was not one of absolutely no evidence of the crime charged, but of conflicting evidence, and of the conflicting evidence the jurors were the sole judges.

From the circumstances attending a single act of an illegal keeping or selling, it has been remarked, a jury may be justified in finding a custom or habit of keeping or selling. *State* v. *Gastonquay*, 118 Maine 31.   Whether the respondent habitually kept or sold intoxicating liquor was a jury question.

And within the province of the jury it was, on the evidence of the single transaction with the automobile party, in connection with all the other evidence, and the inferences from the circumstances, to say whether, as the indictment alleged, the respondent's place had been, in customary practice, one of resort.

The case was clearly, concisely, and accurately submitted to the jury, and the jury justified in returning the verdict of guilty.

*Exceptions overruled.*
*Judgment for the State.*