STATE OF MAINE
*vs.*
EDWIN JOHNSON

Waldo.    Opinion, January 26, 1950.

*Hillard H. Buzzell,* for the State.

*Ross St. Germain,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.    At the October 1948 Term of the Superior Court in the County of Waldo, the respondent was found guilty of breaking and entering a house and committing larceny therein.   The case is presented to us with written arguments.   The printed record contains a bill of exceptions which has not been allowed.   As the court said in *Manheim* v. *Carr,* 62 Me. 473, 475 (1873), "but the exceptions do not appear to have been allowed and cannot, therefore, be considered."

It is an elementary rule that exceptions must be allowed or their truth otherwise established before the exceptions will be heard in this court.   Unless and until there is at hand a true bill of exceptions, there is nothing before us.

Under the statute, R. S., Chap. 94, Sec. 14 (1944), applicable to both civil and criminal proceedings in the Superior Court, the party aggrieved by an opinion, direction, or judgment of the single justice "may, during the term, present written exceptions in a summary manner, signed by himself or counsel, and when found true they shall be allowed and signed by such justice."   The statute also provides, "if the justice . . . disallows or fails to sign and return the exceptions, or alters any statement therein, in either civil or criminal proceedings, and either party is aggrieved, the truth of the exceptions presented may be established" in manner therein provided.   *Rules of Court 40,* 129 Me. 518.

We have quoted only the parts of the statute which illustrate the necessity of presentation of exceptions to the presiding justice and the establishment of the truth of the exceptions by the allowance thereof by the justice or otherwise before the exceptions are properly before the Law Court. We are not here concerned with proceedings for allowance of exceptions in case of the death or disability of the presiding justice. *R. S., Chap. 95, Sec. 51.*

It is the well understood and long continued practice for the presiding justice to grant an extension of time beyond the close of the term for filing an extended bill of exceptions and, where necessary, for filing the transcript of the testimony. See *Bradford* v. *Davis,* 143 Me. 124; 56 A. (2nd) 68 (1947), and cases cited. In the present case the bill of exceptions was filed with the clerk on April 1, 1949, the last day of a second extension of time for filing the extended bill. The record is barren of any evidence that the respondent presented the bill to the presiding justice. If it be said the bill may have been presented to the presiding justice and returned to the clerk unsigned, then the respondent would necessarily have sought to have established the truth of his exceptions under the Rule of Court. No suggestion is made that any steps in this direction were taken. We may fairly infer, therefore, that counsel was content merely to leave the bill of exceptions drafted by him in the hands of the clerk, without presentation to the presiding justice, and to have the case marked "Law" and placed upon the docket of this court.

We pass the point that the docket contains no entry at the October 1948 Term to the effect "Exceptions filed and allowed."

As the court said in *Poland* v. *McDowell,* 114 Me. 511, at 513; 96 A. 834 (1916), "There is another reason why these exceptions should not be allowed. They were not presented to the presiding justice until after the term adjourned, and it does not appear that any privilege was reserved during

term time to present them later. . . . The presiding justice is not only not required to allow exceptions after the term is adjourned, but without waiver and consent he has no power to do it."

That during the term the presiding justice with the consent of the parties granted a further time for filing the extended bill of exceptions, would indicate that the docket entry was inadvertently omitted. If the correction of such error were here material, then the cause could be remanded for correction of the error under R. S., Chap. 91, Sec. 14. See *Moores* v. *Inhabitants of Springfield,* 143 Me. 415; 62 A. (2nd) 210 (1948).

The stark facts here are: (1) that at no time has the bill of exceptions printed in the record ever been presented to the presiding justice for his consideration; (2) that the period within which the bill could have been presented to the presiding justice has expired; and (3) that the bill bears no stamp of the truth of the exceptions. The exceptions are not properly before us and for this reason alone must be dismissed and judgment entered for the State.

We have, however, read the bill of exceptions and the record to determine what issues the respondent's counsel sought to present. Counsel has not stated the case or the issues succinctly and clearly. The bill of exceptions as drawn does not fall within the limits of proper practice. In *McKown* v. *Powers,* 86 Me. 291; 29 A. 1079 (1894), the court discusses the history and origin of bills of exceptions and the practice and rules governing their preparation and presentation. And in *Bradford* v. *Davis, supra,* and the cases cited therein, proper procedure is set forth in detail.

The respondent sought, as we have said, to present the case to us on exceptions. A motion to set aside the verdict was denied and no appeal therefrom was taken.

34

The respondent in his bill notes an exception to the failure of the presiding justice to grant a motion for a directed verdict at the close of the State's case. The transcript of testimony does not show that such exception was taken. The respondent, however, did not rest his case, and accordingly the refusal to grant the motion was not subject to exception. Further, by introduction of evidence in defense, the exception was waived. *State* v. *Shortwell,* 126 Me. 484; 139 A. 677 (1928).

Other exceptions relative to the admissibility of evidence and to the failure to give a requested instruction are without merit. We do not find that the respondent was prejudiced by any of the rulings of which he complains. Had the exceptions been properly before us, the result would be unchanged.

*Exceptions dismissed.*

*Judgment for the State.*