STATE OF MAINE
*vs.*
SAMUEL RAINEY

Androscoggin.    Opinion, July 15, 1953.

*Alexander A. LaFleur, Attorney General,*
*Neal A. Donahue, Asst. Attorney General,*
*Edward J. Beauchamp,* for State.

*Benjamin J. Arena,*
*Frederick Keany,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

MERRILL, C. J.   On exceptions and appeal.   At the September 1952 Term of the Superior Court in Androscoggin County the respondent, Samuel Rainey, was arraigned, entered a plea of not guilty, was tried and found guilty of murder upon an indictment charging him with the murder of one Alex Yoksus, alias Alex York.  The indictment in this case, except for the fact that it charged the respondent Rainey instead of one Carl R. Chase with the murder, is identical with the indictment against said Chase for the murder of said Yoksus, which indictment is set forth in full in our opinion filed this day in the case of *State of Maine* v. *Carl R. Chase.*  To set forth the indictment herein would serve no useful purpose.

During said term of court, after verdict and before sentence, the respondent filed a motion in arrest of judgment which was denied by the presiding justice.

The respondent's Exception I is to the denial of his motion in arrest of judgment. The motion in arrest of judgment alleged two grounds therefor: (a) The indictment and the matters therein alleged, in the manner and form therein stated are not sufficient in law for any judgment to be rendered thereon. (b) The indictment is bad in that it does not allege a homicide was committed in the perpetration of the crime of robbery or the attempted perpetration of the crime of robbery by an accomplice. As to the latter ground, the respondent in his brief makes the following statement: "Respondent will not press this part of his exception because there is no merit in it." In this he arrived at a sound conclusion. The exception to the denial of the motion in arrest of judgment on ground (a) is fully disposed of by our opinion filed this day in the case of *State* v. *Chase.* There is no merit in it. Exception I is therefore overruled.

Exception II was to the admission of certain photographs of the body of the deceased. Photographs of a dead body, although gruesome, if accurate are admissible in the discretion of the trial court, and unless there is an abuse of judicial discretion no exception lies thereto. *State* v. *Stuart,* 132 Me. 107. See also *State* v. *Turmel,* 148 Me. 1. These photographs met the test. There is not the slightest evidence in the case even tending to indicate that there was abuse of discretion on the part of the presiding justice in the admission of these photographs. Exception II is overruled.

Exception III is as follows:

"Testimony given by Captain Francis G. Wilson of the Homicide Unit, Boston Police Department, as a result of an alleged conversation with the respond-

ent of alleged acts not connected with the crime of which he was charged was improperly admitted, over objection. See pages 166 to 168 of the transcript of the Evidence."

By a footnote in the record pages 166 to 168 of the transcript are identified as pages 269-272 of the record.

The bill of exceptions standing alone without reading the pages of the record is unintelligible. The testimony objected to was the relation by Captain Wilson of statements made by the respondent relative to the purpose of coming to Maine with Chase with whom he was associated in the robbery and murder of Yoksus. A recital of the four pages of testimony and the running fire of comment by counsel therein with respect thereto would serve no useful purpose. Suffice it to say that we have read the same carefully and there was no error on the part of the court in either receiving the testimony or refusing to strike the same from the record. Exception III is overruled.

Exception IV was to the denial by the presiding justice of respondent's motion to direct a verdict of not guilty. This motion was made at the close of the State's case. After the denial of the motion, and exception thereto, the respondent did not rest his case but offered himself as a witness, took the stand, and testified in his own behalf. Although counsel for the respondent now states in his brief that he does not press this exception, the failure to rest the case and the introduction of evidence in defense waived the exception. *State* v. *Johnson,* 145 Me. 30; *State* v. *Shortwell,* 126 Me. 484, 487. Exception IV is dismissed.

After denial of the motion in arrest of judgment and exceptions thereto, the respondent was sentenced to life imprisonment. Thereafterwards, the respondent filed a motion that the verdict be set aside and a new trial granted, alleging therein that the verdict was against the law and the charge of the justice; that it was against evidence; that it was manifestly against the weight of evidence in the

case; and that there was a variance between offense charged in the indictment and evidence adduced at the trial. This motion was denied and the respondent appealed from the denial thereof to this court.

As will be hereinafter shown, the justice presiding was without authority to impose sentence pending exceptions to this court. R. S. (1944), Chap. 135, Sec. 29. The sentence having been imposed without authority we need not meet the question as to whether or not a motion for a new trial must be filed before sentence. The justice could not deprive the respondent of his right to file the motion by the unauthorized imposition of sentence.

By considering the motion for a new trial in this case and the appeal therefrom, we do not intimate any opinion as to whether or not in cases not punishable by imprisonment for life, motions for a new trial on the grounds contained in the instant motion must be filed before sentence. That question we reserve for decision if and when a case involving the same be presented to us.

The respondent's appeal from the denial of his motion for a new trial must be dismissed and the motion for the new trial denied.

The indictment in this case charges that the respondent Rainey murdered Alex Yoksus. The evidence discloses that Yoksus was shot and killed by one Carl R. Chase during the progress of an armed robbery. The respondent was indicted, tried, and convicted as one who, although he did not fire the shots which killed Yoksus, was present, aiding, abetting, and assisting Chase in the commission of the robbery, a felony, and who because thereof was a principal in the murder committed by Chase during the commission of the robbery. As we said in *State* v. *Priest*, 117 Me. 223, 231, 232:

> "No principle of criminal law is more firmly established than this, that when two persons combine

and conspire together for the common object of robbery and in pursuance of that object one of them does an act which causes the death of another both are regarded as principals and both may be convicted of murder. The State need neither allege nor prove that the respondent used the weapon with which the killing was done. 13 R.C.L., 729; *People* v. *Friedman*, 205 N.Y., 55, 45 L.R.A.N.S., 45, and note; *People* v. *Lawrence*, 143 Cal., 148, 68 L.R.A., 193, and note; *State* v. *Smith*, 32 Maine, 369; *State* v. *Smith*, 33 Maine, 48."

It is a well settled rule of law in this State that all persons who are present, aiding, abetting, and assisting a person to commit a felony are principals and may be indicted as such. *State* v. *Flaherty*, 128 Me. 141; *State* v. *Saba and Korbett*, 139 Me. 153. In this latter case we said:

"The proper rule of law is that to constitute one as a principal in the commission of a felony, he must be proved to be present either actually or constructively at the time and place it was committed. The issue of actual presence is necessarily simple. The limits of constructive presence are more or less uncertain. In *Commonwealth* v. *Knapp*, 9 Pick., 496, 20 Am. Dec., as in 16 C.J. 126, Par. 114-b, and 22 C.J.S. 154, Par. 86-b, illustrations are given which indicate that one who is watching at a proper distance and station 'to prevent a surprise' or 'to favor, if need be, the escape of those . . . immediately engaged' may properly be considered as constructively *'present, aiding and abetting.'* "

An examination of the record of this case establishes that the jury were justified by evidence of sufficient weight to convince them beyond a reasonable doubt that the respondent not only conspired with Chase to commit the robbery, during the perpetration of which Yoksus was killed by Chase, but that he was present, aiding, abetting and assisting Chase in the perpetration of the robbery and was taking an active part therein.

The murder took place in the small hours of the morning in the kitchen of a restaurant operated by Yoksus. The re-

spondent, together with Carl R. Chase and two other companions, one a woman with whom he had come to Lewiston from Boston, went to the restaurant after the bar closed at the Paramount Hotel where they were staying. The four of them entered the restaurant. Chase and the respondent sat at the counter and the other two sat at tables. After they had had a drink, and after the female companion had danced, they went outside and to the automobile in which they had come to the restaurant. Chase moved the automobile from where it was to a location a short distance beyond the restaurant. He left the engine running and put out the lights of the car. He called for a gun that was on the heater in the car and passed it to the respondent. Chase made known to the respondent his purpose to hold up the restaurant. They entered the restaurant together. After entering the restaurant, making an excuse about wanting to see that the fat was trimmed off a sandwich which he had ordered, Chase started from the dining room into the kitchen, telling the respondent to take out his gun and stand by the door. A few moments later there were two shots in the kitchen followed by two more. Upon hearing the first shots the respondent drew his gun and told people in the dining room not to move and they wouldn't get hurt. The first shots in the kitchen were fired by Chase at a dog which was set upon him by the proprietor after Chase had made a demand for money. The second shots were fired at the proprietor of the restaurant, Yoksus, and were the ones which killed him. The killing of Yoksus was murder beyond any doubt. On this evidence the jury were well warranted in finding that the respondent and Chase were participating in a common design to rob the restaurant. Both of the men were armed, although the respondent claims that his revolver was not loaded. The respondent shared in the proceeds of the robbery. The jury were not naive enough to believe the contention of the respondent Rainey that he was not a participant performing his part in the robbery during which and as a

part whereof Yoksus was killed. Neither is this court. A person who *participates* in armed robbery must be prepared to take the consequences of his action as a joint principal in any murder which is committed by his companion during the progress of the robbery. The verdict of guilty in this case was a just one, well warranted by the evidence. Any other verdict would have been a travesty of justice. The appeal must be dismissed and the motion for new trial denied.

In this case as in the case of *State* v. *Chase,* the court imposed sentence upon the respondent notwithstanding the pendency of his exceptions and appeal. This, for the reasons stated in *State* v. *Chase,* was beyond his authority. R. S. (1944), Chap. 135, Sec. 29. Sentence must be imposed anew. The mandate is

> *Exceptions I, II and III overruled.*
> *Exception IV dismissed.*
> *Appeal dismissed.*
> *Motion for new trial denied.*
> *Judgment for the State.*
> *Case remanded for sentence.*