**STATE of Maine**

v.

**Herbert J. WENTWORTH, Jr.**

Supreme Judicial Court of Maine.

Nov. 30, 1976.

———◆———

Michael E. Povich, Dist. Atty., Ellsworth, for plaintiff.

Anthony J. Giunta, Ellsworth, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

Convicted of breaking, entering and larceny, defendant has appealed on the premise that the jury was not warranted "in view of all the evidence in believing beyond a reasonable doubt that the defendant was guilty as charged." [1]

By presenting timely motions for judgment of acquittal, in accordance with the dictates of *State v. Gamage*, 301 A.2d 347, 348 (Me.1973), the appellant has properly preserved for appellate review the issue of the sufficiency of the evidence on which the conviction was based. *See State v. Hanson*, 331 A.2d 375, 378 (Me.1975); *State v. York*, 324 A.2d 758, 769 (Me.1974).

Specifically, appellant urges reversal of his conviction because it rested primarily on the testimony of an admitted accomplice. He points to several inconsistencies therein which, when coupled with his defense of alibi, negate the inference of guilt which arose from his being found in possession of recently stolen goods. [2]

---

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

1. Quoting from appellant's brief.

2. The accomplice testified that he drove the appellant to the scene of the crime in a rural section of Ellsworth, observed the commission of the crime by the defendant and then returned thereafter with him to the Portland

The Justice presiding, without objection, gave the jury an appropriate cautionary instruction concerning the weight which it might accord the testimony of the accomplice.[3] A purely factual issue was presented. The jury's response was adverse to the appellant and, after a review of the entire record, we can find no basis for disagreement with the result reached by the jury. *State v. Jewell,* 285 A.2d 847, 851 (Me.1972). *See State v. Coombs,* 351 A.2d 122, 124 (Me.1976).

The entry is:

Appeal denied.

POMEROY and DELAHANTY, JJ., did not sit.

All Justices concurring.

area with the stolen goods in the car. Four days later the appellant sold and delivered these goods to an unsuspecting buyer who was assured by appellant that the property had been obtained from appellant's brother and was not "hot." The jury could draw an inference adverse to the appellant's innocence from this testimony. *State v. Prudenzano,* 365 A.2d 418 (Me.1976); *State v. Gleason,* 359 A.2d 308, 314 (Me.1976); *State v. McCarthy,* 355 A.2d 923, 926-27 (Me.1976).

3. As we have reviewed the record, the testimony of the accomplice was corroborated in significant part by independent evidence. For example, he correctly described the rural locus of the crime and the modus operandi of the break. The purchaser observed the stolen goods in the trunk of the car consistent with the accomplice's description of their storage therein.

Defendant's wife had originally signed a statement seriously inculpating him, which she repudiated at trial, but which repudiation the jury could disbelieve since her reason for so doing was almost incredible, namely, that she and the accomplice had conspired to have appellant charged with this crime so that she and the accomplice could continue their liaison. The accomplice specifically denied any misconduct with Mrs. Wentworth.