STATE of Maine

v.

**Raymond POTTLE and Harvey G. Higgins.**

Supreme Judicial Court of Maine.

March 31, 1978.

Joseph M. Jabar, Dist. Atty., Robert J. Daviau (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Burton G. Shiro, N. Paul Gauvreau, Waterville (orally), for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Defendants were charged with, and convicted of, violating 12 M.R.S.A. § 2455 (Night Hunting) and each has appealed.

We deny the appeals.

■ Since the defendants were found in an area frequented by deer at a time of day when hunting was illegal, with all the accouterments requisite for night hunting, and were observed in acts from which could be rationally inferred an intent or purpose to search for, find and possess game, there was sufficient evidence to support the verdict. *State v. Pike*, Me., 306 A.2d 145, 149 (1973); *State v. Vicniere*, 152 Me. 293, 295, 128 A.2d 851, 852 (1957); *State v. Allen*, 151 Me. 486, 489, 121 A.2d 342, 344–45 (1956). *See State v. Cowperthwaite*, Me., 354 A.2d 173, 177 (1976).

Although the defendants both testified, the jury was not bound to accept their recitation of facts explanatory of both their presence in the area and of their conduct and intent while there. The believability of evidence is for the fact finders who saw the witnesses and heard them testify, not for an appellate court.

The evidence fully supported the verdicts.

Appellants raise three evidentiary issues.

■ A warden-trainee was allowed to testify that he observed defendant Pottle run into the woods carrying what "resembled a gun, to me, rifle."

The Justice presiding at the trial, conceiving this expression to be "short-hand" rendering of facts, properly allowed the testimony to be considered by the jury with the admonition that it should determine its evidentiary weight. Rule 701, M.R.Evid. *See* Field & Murray, *Maine Evidence*, Commentary 701.1.

■ Secondly, the wardens found a loaded rifle concealed under a brush pile near the spot where Pottle was apprehended. This was on October 30, 1976. The State introduced the testimony of a gun vendor that he had sold that particular rifle to Pottle on December 9, 1975. The rifle (and bullet) were admitted despite the objection that there was no proof Pottle owned it on the day it was discovered. From the testimony of both the vendor and the warden-trainee, conjoined with the proximity of the concealed rifle to the locus of Pottle's apprehension, the jury could very rationally infer that Pottle was at least the possessor of the rifle at the time. There was no error in admitting the exhibits.

■ Thirdly, Higgins argues that it was error to allow the rifle to be used as evidence against him since he was neither the owner nor possessor. There was strong evidence of co-principalship in an illegal hunt. The jury could conclude from the facts that Higgins was driving a pick-up truck, the headlights of which illuminated the wooded area and fields while Pottle stood on the body thereof with a loaded rifle at hand, prepared to shoot a deer should one be outlined under the headlights. No citation is required for the proposition that all who are present and actively participating in criminal conduct are considered principals. Higgins obviously falls within this definition.

Finally, we are urged to overrule the holding in *State v. Hanson*, Me., 331 A.2d 375, 376 (1975), wherein we reaffirmed Maine's long standing rule

"that if a motion for judgment of acquittal filed at the conclusion of the State's case in chief has been overruled and defendant proceeds to present evidence in his own behalf, defendant 'waives' the issue of the sufficiency of the State's prima facie case  .   .   . ."

This argument is founded on the assumption that the "waiver doctrine" violates the mandate of *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which imposed upon the states, under the Due Process Clause, the affirmative obligation "to prove beyond a reasonable doubt every act necessary to constitute the crime [charged]."

In *State v. Hanson, supra*, the appellant took substantially the same position which,

after careful analysis, was rejected. Mr. Justice Wernick, writing for a unanimous Court, concluded in *Hanson* :

"the 'waiver' rule thus remains consistent with the constitutional mandate of *Winship*."

331 A.2d at 378. We see no reason to retreat from that position now.[1]

The entry is:

Appeals denied.

Judgments affirmed.

DELAHANTY, J., did not sit.

1. We have cited *Hanson* with approval on numerous occasions since it was published. *See State v. Wentworth*, Me., 366 A.2d 178 (1976); *State v. Bowen*, Me., 366 A.2d 174, 177 (1976); *State v. Giles*, Me., 365 A.2d 1027 (1976); *State v. Kimball*, Me., 359 A.2d 305, 306 (1976); *State v. Donovan*, Me., 344 A.2d 401, 404 (1975).