STATE of Maine

v.

Daniel VAN SICKLE.

Supreme Judicial Court of Maine.

Argued March 10, 1981.

Decided Aug. 21, 1981.

David W. Crook, Dist. Atty., Paul D. Mathews, Deputy Dist. Atty. (orally), Augusta, for plaintiff.

Levey & Wessler, Michael Levey (orally), Winthrop, for defendant.

Before McKUSICK, C. J., and GOD-
FREY, NICHOLS, GLASSMAN,* ROB-
ERTS and CARTER, JJ.

GODFREY, Justice.

Daniel Van Sickle appeals from a judg-
ment of conviction after a jury trial, for
trafficking in a schedule Z drug, marijua-
na,[1] in violation of 17–A M.R.S.A. § 1103
(1980)[2] entered by the Superior Court, Ken-
nebec County. On appeal, Van Sickle,
through different counsel, contends that the
failure of his own counsel at trial to move
for a new trial or for judgment of acquittal
at the close of evidence or after the verdict
created reversible error. He urges also that
the evidence was insufficient to support the
conviction. We deny the appeal.

The indictment and subsequent convic-
tion were based on an alleged sale of mari-
juana by Van Sickle to an undercover police
officer in Gardiner, Maine, on November 14,
1979. At trial on June 24, 1980, the State
produced three witnesses: the undercover
officer who purchased the marijuana from
the defendant; an officer in charge of spe-
cial investigations who received the mari-
juana from the undercover officer and de-
livered it to a chemist; and the chemist
who, as an expert, identified the marijuana.
The defense produced two witnesses: the
defendant and a friend who testified to
being present when the appellant and the
undercover officer met.

After the State rested, defense counsel
moved for a judgment of acquittal on the
grounds that (1) no physical evidence of the

marijuana or the money paid by the police
officer in the transaction had been admit-
ted, and (2) continuity in the chain of custo-
dy of the marijuana had not been estab-
lished because the police officer who con-
ducted the undercover sale could not specif-
ically recall following the routine procedure
for marking and securing the marijuana in
this case. The court denied the motion. At
the close of all evidence, however, defense
counsel did not renew his motion for a
judgment of acquittal, M.R.Crim.P. 29, or
move for a new trial, M.R.Crim.P. 33.[3]

I.

Van Sickle contends that the failure of
his counsel at trial to make any motions
challenging the sufficiency of the evidence
at the close of all evidence was prejudicial
because it precluded the trial justice from
ruling on the sufficiency of the evidence
and narrowed the scope of appellate review.

■ With rare exceptions matters appro-
priate for review by this Court on appeal
present issues involving the possibility of
error by the trial court, not by counsel.
Accordingly, because a proceeding for post-
conviction relief under 15 M.R.S.A. ch.
305–A (Supp.1981) is normally the appropri-
ate process for challenging the adequacy of
defense counsel's performance, e. g., State
v. Weese, Me., 424 A.2d 705, 711 n. 8 (1981);
State v. Gilcott, Me., 420 A.2d 1238, 1240
(1980), we take the appellant's first argu-
ment to be that his defense attorney's fail-
ure to make such motions had consequences

---

* Glassman, J., sat at oral argument and in the
 initial conference but died prior to adoption of
 this opinion.

1. 17–A M.R.S.A. § 1102(4)(B) designates mari-
 juana a schedule Z drug.

2. Section 1103 provides as follows:
 1. A person is guilty of unlawful traffick-
 ing in a scheduled drug if he intentionally or
 knowingly traffics in what he knows or be-
 lieves to be any scheduled drug, and which is,
 in fact, a scheduled drug, unless the conduct
 which constitutes such trafficking is either:
 A. Expressly authorized by Title 22; or
 B. Expressly made a civil violation by Ti-
 tle 22.
 2. Violation of this section is:

 A. A Class B crime if the drug is a sched-
 ule W drug or if it is marijuana in a quantity
 of 1,000 pounds or more;
 B. A Class C crime if the drug is a sched-
 ule X drug or if it is marijuana in a quantity
 of more than 2 pounds; or
 C. A Class D crime if the drug is a sched-
 ule Y or schedule Z drug.
 3. A person shall be presumed to be un-
 lawfully trafficking in scheduled drugs if he
 intentionally or knowingly possesses more
 than 2 pounds of marijuana.

3. Under the criminal rules, a motion for a new
 trial is deemed to raise the issue of the suffi-
 ciency of the evidence. M.R.Crim.P. 29(b).

which, as a matter of law, were so prejudicial to the defendant that he has been denied the constitutional right to the effective assistance of counsel under the sixth and fourteenth amendments.

### A. Opportunity to Rule on the Sufficiency of the Evidence

Under the Maine Rules of Criminal Procedure, a motion by counsel for judgment of acquittal is not a prerequisite to the authority of the trial justice to grant a judgment of acquittal. Rule 29(a) provides, in part: "The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, the rule itself refutes the appellant's contention that the trial justice was precluded from ruling on the sufficiency of the evidence: under the rule, the trial justice should assess the sufficiency of the evidence at the close of all evidence and enter judgment of acquittal if he concludes the evidence is insufficient. In the instant case, the record discloses no basis for doubting that the trial justice acted in conformity with Rule 29(a).

### B. The Standard of Review

Because counsel failed to move for an acquittal or a new trial at the close of all evidence, appellant argues that the question whether the evidence was sufficient to support the conviction was not properly preserved for appellate review in the ordinary course. Consequently, he says, the Law Court must examine the sufficiency of the evidence under the manifest-error standard, a standard appellant contends is less favorable to him than the standard appellant asserts would be applied if defense counsel had made such motions.

The standard of review to be applied by this Court is not altered by the absence, at the close of all the evidence, of a motion to acquit or for a new trial, with resulting absence of an explicit ruling by the trial court on the sufficiency of the totality of the evidence. First, because the language of Rule 29(a) requires the trial court always to assess the sufficiency of the evidence at the close of all the evidence, it makes little sense to apply different standards of review depending on whether defense counsel has moved the court and obtained an express ruling.[4] See State v. Morton, Me., 290 A.2d 371, 373 n. 2 (1972).

Second, whenever sufficiency of the evidence is reviewed, our standard of review must meet the minimal constitutional standard set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), namely, "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319, 99 S.Ct. at 2789. This Court has long observed, in fact, a substantially equivalent if not identical standard. See, e. g., State v. Doughty, Me., 399 A.2d 1319, 1326 (1979); State v. Rowe, Me., 238 A.2d 217, 223–24 (1968); State v. Wright, 128 Me. 404, 406, 148 A. 141, 142 (1929). The recent decisions of this Court have applied the precise language of Jackson. E. g., State v. Theriault, Me., 425 A.2d 986, 988 (1981); State v. Perfetto, Me., 424 A.2d 1095, 1097 (1981); State v. Lagasse, Me., 410 A.2d 537, 542 (1980). In practice, this Court has consistently applied the standard of review re-

---

4. Sufficiency of the evidence, in contrast to most issues arising in the course of a criminal trial, cannot be analyzed on appeal by resort to the two-tiered harmless-error principle expressed in Maine Rule of Criminal Procedure 52. In contrast to other errors at trial, the failure to grant a motion for an acquittal where the totality of the evidence is insufficient is perforce manifest error that cannot be harmless. No due process right is more substantial in the law of crimes than that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof." Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969). Thus, applying the correct standard of review, this Court must reverse if it determines that the totality of the evidence was insufficient for conviction.

quired by *Jackson* when motions for an acquittal or a new trial have been made and duly ruled upon. Because that standard is the minimum now mandated under *Jackson*, it follows that this Court must apply that same standard in reviewing the sufficiency of all the evidence even where defense counsel has not moved for acquittal or for a new trial. Under *Jackson*, we must review the sufficiency of the evidence regardless of whether defense counsel moved for an acquittal or a new trial provided the issue has been raised "by a proper and adequate designation in the points of appeal" and the record is "sufficient to allow the question to be decided." *State v. Morton*, Me., 290 A.2d 371, 373 n. 2 (1972). Once we determine that review is appropriate, the standard of review applied is the same as that applied when the proper motions have been made.[5] Accordingly, we reject Van Sickle's contention that his counsel's failure at trial to move for an acquittal or new trial unconstitutionally deprived him of the effective assistance of counsel.

 Our holding in this regard, however, should not be interpreted by the bar as an invitation to abandon the use of the motions for acquittal or new trial. Of course, defense counsel's motion for acquittal or for a new trial based on asserted insufficiency of the evidence should not be automatic; the failure to make one of those motions is not incompetence *per se*. However, in the interest of sound appellate and trial practice, defense counsel should move for acquittal or for a new trial when, in the judgment of counsel, sufficiency of the evidence is questionable. *See State v. Hanson*, Me., 331 A.2d 375, 378 (1975); *State v.*

*Gamage*, Me., 301 A.2d 347, 348 (1973). Such a motion, when appropriate, serves the valuable function of focusing the trial court's attention on the precise weakness in the evidence so that an intelligent and careful ruling can be made by the presiding justice. *See State v. Hanson, supra*, 331 A.2d at 378. Furthermore, such a motion may lead to the creation of a record from which the Law Court can better discern the context and nature of the asserted insufficiency of the evidence.

## II.

The appellant contends that the evidence in the record of proceedings in the Superior Court was insufficient to support the conviction because the State's principal witness, the undercover police officer, could not remember and did not recount "any facts or circumstances surrounding" the sale of marijuana. In short, the appellant argues that the testimony of the police officer was conclusory and therefore incredible.

In reviewing the sufficiency of the evidence, this Court must decide, after examining all the evidence of record in the light most favorable to the State, whether any rational trier of fact could have found proof of defendant's guilt of the crime charged beyond a reasonable doubt. *State v. Perfetto*, Me., 424 A.2d 1095, 1097 (1981); *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980). Under the Maine Criminal Code, a person is guilty of unlawful trafficking in a scheduled drug "if he intentionally or knowingly trafficks in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug . . . ." *See* note 2, *supra*.

---

5. By so holding, we render inoperative statements in pre-*Jackson* opinions suggesting the possibility that this Court might not set aside a judgment of conviction even where it rested on insufficient evidence when motions to acquit or for a new trial have not been made and ruled on below. *See State v. Boyer*, Me., 392 A.2d 41, 41–42 (1978); *State v. Smith*, Me., 389 A.2d 314 (1978); *State v. Hanson*, Me., 331 A.2d 375, 378 (1975); *State v. Gamage*, Me., 301 A.2d 347, 348 (1973); *State v. Rowe*, Me., 238 A.2d 217, 220 (1968). In 1975, this Court recognized that "in practical terms" the principle reaffirmed in *State v. Gamage, supra*, requiring a

foundation to be laid in the trial court for appellate review of sufficiency of the evidence, "does not preclude appellate scrutiny of a defendant's claim that the totality of the evidence is insufficient to justify conviction" under the plain-error doctrine. *State v. Hanson, supra*, 331 A.2d at 378. In practice, as noted in the text of this opinion, the Court has reviewed all sufficiency-of-the-evidence claims, regardless of whether a "foundation" was laid below, under a standard virtually identical to the standard now required by *Jackson v. Virginia, supra*.

Trafficking is defined in the code to include: "To sell, barter, trade, exchange or otherwise furnish for consideration." 17–A M.R.S.A. § 1101(17)(C). The undercover officer, Reitchel, testified that the appellant sold him approximately one ounce of marijuana, a schedule Z drug. That the substance sold was in fact, marijuana was confirmed by the testimony of a chemist, duly qualified as an expert witness.

■ Appellant argues that the testimony of Reitchel regarding the sale is insufficient because it lacks detail and conflicts with the testimony of the appellant and another defense witness. Reitchel testified that on November 14, 1979, he visited the appellant at his residence, 9 Spring Street, in Gardiner, Maine. He had gone to the appellant's residence twice before, and on one of those earlier occasions he had spoken with the appellant about a motorcycle the appellant was selling. According to Reitchel, the motorcycle was a 650 Yamaha and he had tested it on the road. At the November 14 meeting, after discussing motorcycling, the officer asked the appellant if he had any marijuana for sale. The appellant invited him inside his house, Reitchel sat on a sofa, the appellant sat on a chair, and the appellant presented Reitchel with a "bag containing a green leafy substance," the weight of which Reitchel estimated at one pound. Reitchel asked how much the marijuana would cost per ounce and the appellant replied "Forty dollars." Whereupon the appellant measured out an ounce, packaged it, and handed the package to Reitchel. Reitchel then gave the appellant $40.00. After conversing for several more minutes, Officer Reitchel testified that he left the appellant's residence. Clearly the officer's testimony contains sufficient detail. See State v. Taylor, Me., 343 A.2d 11 (1975).

Conflict between the testimony of the appellant and that of Reitchel does not render Reitchel's testimony incredible. In contrast to the testimony of Reitchel, the appellant's testimony tended to show that he was not selling a "650 Yamaha" but a "750 Norton," that Reitchel only discussed the 750 Norton, and that Reitchel rode neither machine because neither was in running condition. According to appellant, Reitchel visited him between eight and ten times, each time offering to purchase marijuana. He denied selling Reitchel any marijuana at any time but testified that he possessed less than one ounce of marijuana when Reitchel visited him on November 14 and offered to purchase some of it. Later that same day, appellant noticed his marijuana was missing.

A friend of the appellant, Wendal Jones, testified that he had seen Reitchel at the appellant's residence on several occasions, the dates of which he could not specify. On one of those occasions, Jones remembered that after Reitchel had inspected the appellant's 750 Norton, he overheard a conversation between the appellant and Reitchel in the appellant's house. In that conversation, Reitchel offered to buy marijuana, and, according to Jones, the appellant replied that "he doesn't sell no pot." No other conversations were overheard by Jones. Resolving inconsistencies between that testimony and the testimony of the state's principal witness entailed the assessment of credibility and weight, matters which are within the province of the jury and which this Court is obliged to review by examining all the evidence in the light most favorable to the State. State v. Perfetto, Me., 424 A.2d 1095, 1097 (1981). See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ The appellant also contends that the evidence was insufficient because the undercover officer, Reitchel, could not specifically remember marking and securing the marijuana immediately after the sale. Although admitting that he could not specifically remember performing the routine in this case, Reitchel described his typical procedure for marking and securing drugs acquired after an undercover operation. As soon as convenient after leaving the scene of a purchase, he would stop his automobile, seal the drug in an envelope, mark the envelope, and lock it in the trunk of his automobile. Further, he would write out a

report describing the transaction. Reitchel testified that he put the package sold to him by the appellant in his coat pocket immediately after the sale and later that same day followed the standard procedure described above. On cross- and redirect examination, Reitchel testified that he knew he had followed that procedure in the appellant's case because he always followed that procedure. The day after the sale Reitchel delivered the envelope containing the marijuana to Herbert Saucier, the special investigations officer and the second witness for the State.

Under Maine Rule of Evidence 406(a), "Evidence of the habit of a person ... whether corroborated or not and regardless of the presence of eyewitnesses ... is relevant to prove that the conduct of the person ... on a particular occasion was in conformity with the habit." We conclude therefore that the officer's testimony concerning the routine procedure he followed was competent evidence of a habit relevant to proof of chain of custody. From that testimony, testimony of Reitchel concerning other details of the transfer of the marijuana, and the testimony of the appellant admitting possession of marijuana, we think a factfinder could rationally conclude beyond a reasonable doubt that the substance Reitchel purchased from the appellant was the substance received by the special investigations officer and later identified as marijuana by a chemist.

The entry is:

Appeal denied.

Judgment of conviction affirmed.

All concurring.