STATE of Maine

v.

**Frederic LANDRY.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1984.

Decided Dec. 3, 1984.

Charles K. Leadbetter, William R. Stokes (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Paine, Lynch & Harris, Martha J. Harris (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Frederic E. Landry, appeals from judgments of conviction entered after jury verdicts in the Superior Court, Somerset County, for the offenses of murder, 17–A M.R.S.A. § 201(1)(A), attempted murder, §§ 201(1)(A), 152(1), and aggravated assault, § 208(1)(B). We affirm the judgments.

On February 4, 1983, Maynard LeVasseur and Marion White were talking in the bedroom of her South Factory Street, Skowhegan apartment. Shortly after midnight Mrs. White, hearing a commotion outside her window, switched off the lights so that she could see what was happening outside. Hearing another disturbance in front of the house, she opened her bedroom door to investigate the noise. The defendant, who, before the recent termination of their relationship, had lived with Mrs. White intermittently since 1979, entered the room, turned on the lights, pulled a revolver from his pocket, and shot Mr. LeVasseur, who was sitting on the bed. The defendant then fired at Mrs. White, missed, knocked her over the head, and fled. Mr. LeVasseur later died in the hospital.

A Somerset County grand jury returned a three-count indictment against the defendant, charging him with the murder of Maynard LeVasseur and with the attempted murder and aggravated assault of Marion White. At the ensuing trial's conclusion on February 7, 1984, the jury found the defendant guilty on all three counts. He appeals from the judgments, challenging various evidentiary rulings of the trial court and the sufficiency of the evidence, and alleging that the trial court abused its discretion by depriving him of a fair and impartial jury.

The defendant asserts that the trial justice committed an abuse of discretion in failing to dismiss a juror whose live-in boyfriend knew and, allegedly, hated him. Prior to the swearing in of the jury, and with a reporter present, the court questioned the juror in chambers, where she insisted she neither knew the defendant, nor anything about her boyfriend's feelings towards the defendant; she claimed never to have discussed the case with her boyfriend, before or after becoming a juror.

Seeing no possibility of prejudicing the jury, the court declined to excuse her. Later, after the jury was sworn, and after defense counsel had conferred with his client regarding his knowledge of the juror, the court received information in chambers from the defendant's counsel that the defendant indicated he had seen the juror on prior occasions although he had never spoken to her. Noting that the defendant's unreciprocated knowledge did not affect the juror's impartiality, and operating on the assumption that the jury would follow repeated instructions not to discuss the case, the court again found no cause to excuse the juror. The court indicated, however, that if there were alternate jurors left at the conclusion of the evidence, it would exclude the challenged juror "for caution's sake." Finally, before the jury retired to deliberate, the court did indeed dismiss the juror. Defense counsel made no objection at that time.

We have noted before that it is for the trial court to determine the existence of prejudice. *State v. Thibeault,* 390 A.2d 1095, 1099 (Me.1978). Furthermore, absent a showing of manifest error, the finding of the trial court in this regard ought not be set aside. *Id.* (quoting *Irvin v. Dowd,* 366 U.S. 717, 723, 81 S.Ct. 1639, 1643, 6 L.Ed.2d 751 (1961)). We discern no manifest error here. The record does not reflect that the juror's answers were untruthful. Despite the defendant's claimed knowledge of the juror, she denied knowledge of him and continued to insist upon her impartiality. Even if we impute untruthfulness to the juror, however, the defendant has failed to show that the jury was tainted. Absent any evidence jurors violated the presiding justice's instructions not to discuss the case, there is no basis for concluding that the jury was not impartial. Nevertheless, the presiding justice, in an abundance of caution, excused her before

the jury deliberated. We conclude that, given the extensive voir dire inquiry, the absence of any evidence of prejudice, and the fact that the challenged juror did not participate in jury deliberations, the defendant's right to a fair and impartial trial was unimpaired.

The defendant also argues that the trial court abused its discretion by receiving in evidence certain photos, documents, and expert testimony. We find no merit in any of these claims.

 The defendant objects to the admission of photographs of Marion White's bedroom, challenging their authentication. Despite the minor alterations in the room resulting from the aftermath of the shooting incident, Mrs. White testified the photos were fair and accurate representations of her apartment. Thus, the authentication was sufficient for the presiding justice in his discretion to admit the relevant photos.

The defendant also challenges the admissibility of a federal firearm transaction form through a gunshop proprietor rather than through the clerk who actually sold the weapon to the defendant. M.R. Evid. 803(6), the business records exception to the hearsay rule, requires authentication of records by "the testimony of the custodian or other qualified witness." Although the gunshop proprietor may not have been the most immediate custodian of the federal firearms transaction form, as the shop owner and the person responsible under federal law for maintaining such records, he satisfies the "other qualified witness" standard articulated in Rule 803(6). *See State v. Burnham*, 427 A.2d 969, 972 (Me. 1981).

Next, the defendant alleges the trial court erred by admitting testimony as to the barrel configuration of an R.G. 14 revolver by an expert firearms examiner. Given the defendant's failure to object to the examiner's credentials and the paucity of any evidence alerting the presiding justice that the examiner's "methods may have lacked sufficient scientific reliability

to provide the basis for expert opinion testimony," the examiner cannot be said to have exceeded his area of expertise, nor the judge to have abused his discretion. *State v. Philbrick*, 436 A.2d 844, 861 (Me. 1981).

Finally, as to the defendant's contention that the evidence here is insufficient to support the verdict, we have carefully reviewed the record and conclude that sufficient evidence was presented to establish the defendant's guilt beyond a reasonable doubt. *State v. Van Sickle*, 434 A.2d 31 (Me.1981).

The entry is:

Judgments affirmed.

All concurring.