STATE of Maine

v.

Charles MORRIS.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1982.

Decided Feb. 8, 1982.

John D. McElwee, Dist. Atty., Brian E. Swales, Asst. Dist. Atty. (orally), Houlton, for plaintiff.

Stewart, Griffiths, Quigley & Edgar, David J. Edgar (orally), Houlton, for defendant.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER and WATHEN, JJ.

McKUSICK, Chief Justice.

This is an appeal from a judgment of conviction for theft of firearms, 17–A M.R.S.A. § 353 (Supp.1981), a Class B crime. Defendant was found guilty by a jury and sentenced to three years in the Maine State Prison. Finding no merit in his claims of error, we affirm the conviction.

Defendant chiefly contends on appeal that the State failed to carry its burden of proving beyond a reasonable doubt that at least one of the four rifles and one revolver he was alleged to have participated in stealing was operable. The Criminal Code makes operability an essential element of the definition of a "firearm":

> "Firearm" means any weapon, whether loaded or unloaded, which will expel a projectile by the action of an explosive and includes any such weapon commonly referred to as a pistol, revolver, rifle, gun, machine gun or shotgun. Any weapon which can be readily made into a firearm by the insertion of a firing pin, or other similar thing in the actual possession of the actor or an accomplice, is a firearm.

17–A M.R.S.A. § 2(12–A) (Supp.1981). In *State v. Smith*, Me., 379 A.2d 722 (1977), this court held that in a prosecution for a crime defined as involving firearms, the State must prove beyond a reasonable doubt that the guns meet the statutory requisite of operability. *Id.* at 726–27.

While we thus agree with defendant on the nature of the State's burden, we conclude that on this record the factfinder was justified in finding that the State had suc-

cessfully sustained its burden of proving that the guns when stolen were operable. At trial a witness, the police chief of Van Buren, inspected one of the stolen rifles, within view of the jury, and testified that it appeared to be operable and in good condition at that time. It and several of the other stolen weapons had been purchased from a gun shop in New Hampshire only a few weeks before the theft. The rifle was admitted in evidence and was presumably available for further inspection by the jurors during their deliberations. As this court said in *Smith, supra* at 727:

> The members of the jury were capable of independently examining the [firearm's] condition and could weigh the significance of their personal observations in light of the fact that neither party had produced any evidence remotely suggesting that it was in fact inoperable.

The jury could also infer past operability from the testimony of the guns' owner, a self-styled adventurer who lived with his family and his weapons in a primitive camp in the woods of upper Aroostook County. The jury could rationally infer that such a man was unlikely to maintain a collection of inoperable firearms. He testified that he had been planning to use one or more of the rifles to hunt deer, further suggesting operability. Mr. Ruest, who was at the time of defendant's trial serving a prison sentence for involvement in the same theft, testified that when he returned to the scene of the crime late in the same afternoon, he was driven off by gunshots fired at his van by the gunowner using a .45 caliber revolver. Finally, the jury heard evidence that the theft had not been impulsive, but had apparently been planned; from this the jury could conclude that at the time of the crime the participants believed the guns to be sufficiently useful to be worth stealing. The thieves' view of the guns' value is also indicated by their careful protection of the guns in a sleeping bag.

Taken together, this evidence was more than sufficient to justify the jury's inferring that at the time of the theft the stolen weapons were operable within the meaning of the statute. A lesser showing was held adequate in *Smith, supra*, where the only factors militating in favor of the State were: 1) the gun appeared to be in good repair at the time of trial; 2) testimony at a suppression hearing established that the gun then had a firing pin; 3) the gun was admitted in evidence and available to the jury for inspection; 4) there was no evidence of inoperability; and 5) the presiding justice properly instructed the jury on operability as an element to be proven by the State. *State v. Smith, supra* at 727.

■ Defendant also assigns as error the admission of one of the stolen guns. The State's witnesses accounted for the weapon's chain of custody, except for the ten-day period between the theft and the subsequent recovery by the police. Defendant contends that because the gun could have been tampered with during that hiatus, it is inadmissible for the purpose of showing operability at the time of the crime. This bare possibility of alteration, however, goes only to the weight of the evidence and not to its admissibility. *See State v. Johnson*, Me., 434 A.2d 532, 537 (1981). Since questions of weight are for the jury, *State v. Warren*, Me., 312 A.2d 535, 544–45 (1973), the presiding justice did not abuse his discretion by admitting the gun. *See State v. Lewis*, Me., 401 A.2d 645, 647 (1979).

■ Finally, defendant argues that the evidence was *insufficient* to support his conviction, because the State's case hinged on the testimony of an accomplice, Mr. Ruest, whose account was contradicted and whose motives were attacked by defense witnesses. Defendant takes nothing from his accuser's status as an accomplice, because "[t]he testimony of the accomplice-witness is for the jury, and, if his testimony convinces beyond a reasonable doubt, they are authorized to find guilt." *State v. Jewell*, Me., 285 A.2d 847, 851 (1972). Nor do defendant's attacks on the credibility of the accomplice entitle him to reversal, for questions of credibility are within the province of the jury. *State v. Pinkham-Murch*, Me., 432 A.2d 1297, 1300 (1981). Viewing the evidence in the light most favorable to the

State, as this appellate court must on defendant's appeal, we cannot say that a rational trier of fact could not have concluded beyond a reasonable doubt that defendant was guilty of the Class B crime of stealing firearms. *State v. Van Sickle*, Me., 434 A.2d 31, 34 (1981).

The entry must be:

Judgment of conviction affirmed.

All concurring.